R. H. SHAKE and A. C. PATHEAL, Respondents, v. PAYETTE VALLEY PRODUCE EXCHANGE, Appellant.

[245 Pac. 683.]

Factors—Brokerage Contract—Subsequent Oral Agreement—Evidence—Principal and Agent—Pleading as Estoppel—Instructions.

1. In action on brokerage contract, giving defendant broker right to sell fruit crop for one year and reserving to plaintiff seller privilege of stating at what time and to whom produce should be sold, where complaint alleged price was fixed at delivery and was denied in answer, such question was one of fact for jury.

2. Under brokerage contract for sale of fruit crops, reserving in seller right to designate at what time and what price products should be sold, broker, having received produce under oral directions completing written agreement, was bound to sell for that price and no other.

3. In action on brokerage contract for sale of fruit crop, reserving right in sellers to determine when and at what price pro-

duce should be sold, jury was justified in finding for seller, where evidence supported finding that they gave specific directions as to price at time of delivery.

4. Where brokerage contract for sale of fruit crop reserved right in seller to state at what time and what price produce should be sold, admitting in evidence oral agreement subsequently entered into relative to price was proper in action on contract, as being in completion of written contract and not varying its terms.

5. Subsequent oral agreements to complete written contract may be shown where contract was incomplete and certain matters were left to be fixed.

6. In action on brokerage contract for sale of fruit crop, reserving right in sellers to state when and at what price produce should be sold, instruction advising jury that question for consideration was whether broker's authorized agents agreed on price with sellers at time of delivery was correct.

7. Where produce company having, through its sales agents, made brokerage contract for fruit crop, giving right to seller to set time and price for sale of produce, had accepted benefits of transaction by filing cross-complaint to action on contract, seeking to retain its commissions on sale of fruit, it cannot repudiate contract as to agreement between its agents and sellers relative to price.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action to recover balance due for apples delivered pursuant to the terms of two written contracts. Judgment for plaintiffs. *Affirmed.*

Norris & Sutton, for Appellant.

A valid and legal consideration is essential to the validity of any contract. (1 Williston on Contracts, sec. 18.)

Publisher's Note.

5.  See 6 R. C. L. 915; 10 R. C. L. 1030.

See Agency, 2 C. J., sec. 114, p. 493, n. 55.

Evidence, 22 C. J., sec. 1693, p. 1274, n. 85.

Factors, 25 C. J., sec. 50, p. 367, n. 82; sec. 122, p. 403, n. 18; sec. 123, p. 404, n. 31; sec. 124, p. 405, n 36, 44 New.

It is not permissible to vary the terms of a written contract by parol evidence, without first laying a proper foundation for such action. (*Hurt v. Monumental Mercury Min. Co.*, 35 Ida. 295, 206 Pac. 184; *Mackenzie v. Hodgkin,* 126 Cal. 591, 77 Am. St. 209, 59 Pac. 36.)

George Donart and Morgan & Smith, for Respondents.

Where a corporation receives and retains the benefits of an unauthorized transaction on the part of its agent, such contract amounts to a ratification, and the corporation is estopped to deny the authority of its agent in making the contract. (*Reversion Fund & Ins. Co. v. Maison Cosway, Ltd.*, 1 K. B. 364 (1913), Ann. Cas. 1913E, 1106; *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481; *Pettingill v. Blackman,* 30 Ida. 241, 164 Pac. 358; *Hammitt v. Virginia Min. Co.*, 32 Ida. 245, 181 Pac. 336; *Okmulge Coal Co. v. Hinton*, 95 Okl. 92, 218 Pac. 319; *Carlquist v. Quayle*, 62 Utah, 266, 218 Pac. 729; *Stillwell v. Meriam Co.*, 127 Wash. 116, 219 Pac. 836.)

Where a written contract is incomplete on its face and leaves certain matters to be fixed later by parol, parol evidence is permissible to show the entire contract. (*Smith v. Bond*, 56 Okl. 112, 155 Pac. 1116; *Strickland v. Johnson,* 21 N. M. 599, 157 Pac. 142; *Rawlings v. Ufer*, 61 Okl. 299, 161 Pac. 183; *O. K. Transfer & Storage Co. v. Neill*, 59 Okl. 291, 159 Pac. 272, L. R. A. 1917A, 58; *Shire v. Farmers' State Bank*, 112 Kan. 690, 213 Pac. 159; *Kinsley Milling Co. v. Waite*, 112 Kan. 809, 213 Pac. 160; *Schmershall v. Foster*, 37 Ida. 247, 215 Pac. 979.)

The rule prohibiting the introduction of parol evidence to vary the terms of a written instrument does not apply to the extent that it will exclude parol evidence of subsequent agreements, even though modifying the original agreement. (4 Wigmore on Evidence, sec. 2441; *Overstreet v. Merritt,* 186 Cal. 494, 200 Pac. 11; *Dike v. Martin*, 85 Okl. 103, 204 Pac. 1106; *Shimizu v. Norjiri*, 59 Cal. App. 375, 211 Pac. 40.)

GIVENS, J.—Appellant, Payette Valley Produce Exchange, through its sales agents, Stewart & Branch, entered into a brokerage contract with R. H. Shake and A. C. Patheal, respondents, for their fruit crops. The fruit was delivered to appellant and after deducting all offsets to which appellant was entitled by way of commissions and money advanced, there remained due to respondents on the basis of the price as claimed by respondents to have been fixed, the sum of $2,148.75. Defendant's motion for nonsuit was denied and the jury returned a verdict in favor of respondents.

The written contract provided that appellant was to have the exclusive right to sell, transfer, assign or exchange the produce mentioned for a period of one year, subject to certain conditions, the main provision material in this case being as follows:

"The party of the second part agrees that the party of the first part shall have the sole and exclusive privilege of stating at what time and to whom and at what prices this produce shall be sold."

[1] The written contract did not provide for delivery of the fruit at any specified time. The complaint alleged that at the time of delivery the price was fixed. The answer denied that the respondents designated to whom and at what price the apples should be sold. This was a question of fact for the jury and by their verdict the jury found adversely to appellant. By the terms of the agreement appellant was liable for the purchase price when received, deducting marketing commissions and advances. [2] Respondents had the right to and did fix the price at which the apples were to be sold. Having undertaken to sell and having received the apples under the oral directions completing the written agreement, appellant was bound to sell for that price and was not at liberty to sell at a different price than that specified by respondents. Appellant urges that the price fixing was a guarantee; that is in a way a misnomer, because the undisputed evidence discloses that a definite

amount was agreed upon by appellant through its agents and respondents. If there was a guarantee it merely reinforced the obligation already resting on appellant and it is liable because the price was thus fixed substantially as provided for by the contract. (25 C. J., 367, n. 82; *Betts v. Southern California Fruit Exchange*, 144 Cal. 402, 77 Pac. 993.) [3] There being ample evidence to support the finding of the jury that respondents gave specific directions as to the price, the jury were justified in finding their verdict on this phase of the controversy in favor of respondents.

[4] Appellant urges that it was error to admit in evidence the oral agreement subsequently entered into between the parties for the reason that parol evidence is not permissible to vary the terms of a written agreement. The so-called oral guarantee covering delivery and price was a completion of the written contract and did not in any way vary its terms. [5] Where a contract is incomplete and certain matters are left to be fixed, subsequent oral agreements to complete such written contracts and so intended may be shown. (Wigmore on Evidence, vol. 4, 2441; 22 C. J. 1273, sec. 1693; *Dike v. Martin*, 85 Okl. 103, 204 Pac. 1106; *Shimizu v. Norjiri*, 59 Cal. App. 375, 211 Pac. 40; *Overstreet v. Merritt*, 186 Cal. 494, 200 Pac. 11.)

It is not disputed that L. V. Stewart and G. W. Branch were general sales agents of the appellant at Payette and had charge of the business in that locality which consisted of the dealing with fruit-growers for the season of 1921. Respondents were required and had the right to notify the appellant organization as to the price at which respondents would sell and the dealings between respondents and appellant's agents amounted at least to this. [6] No error is predicated upon the instruction by which the court advised the jury that one question for consideration was: Did the defendant's authorized agents agree upon a price with the plaintiffs for said apples? This instruction was correct and the jury by their verdict found a price had been fixed. [7] Furthermore appellant accepted the benefits of the transaction of its agents after it had knowledge of all the

facts and, after suit was instituted by respondents, appellant filing a cross-complaint seeking to retain its commissions on the sale of this fruit. It is well settled that a principal cannot repudiate a contract entered into by its agents in excess of the agents' authority and at the same time accept and retain the benefits that accrue from such act. (*Pettengill v. Blackman,* 30 Ida. 241, 164 Pac. 358; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Hammitt v. Virginia Mining Co.,* 32 Ida. 245, 181 Pac. 336.)

The judgment of the lower court is therefore affirmed, and it is so ordered. Costs awarded to respondents.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.