(August 8, 1923.)

## CHARLES GRIDLEY, Respondent, v. R. C. ROSS, Appellant.

### [217 Pac. 989.]

CONTRACT—FRAUDULENT MISREPRESENTATIONS—ELECTION TO RESCIND—
AMENDED COMPLAINT—DAMAGES—LANDS—INSUFFICIENT EXAMINA-
TION—INTEREST PRIOR TO JUDGMENT.

1. When the district court obtained jurisdiction to grant a re-
scission of a contract at the suit of one who had been defrauded,
it obtained jurisdiction to grant whatever relief, either equitable or
legal, the defrauded party was entitled to recover under the alle-
gations of his complaint.

2. The filing of a complaint in which the rescission of a con-
tract to exchange properties because of misrepresentation is sought
does not constitute such an irrevocable election to disaffirm the con-
tract that it is not possible thereafter in the same action to affirm
the contract and seek damages.

3. When one, in an action for damages growing out of the fraud
of another in an exchange of lands, implicitly relies upon the rep-
resentations made as to material facts which are false, and such
false representations were made with the intent to deceive, the de-
frauded party is entitled to recover such damages as he sustains on
account of such fraudulent representations.

4. One who has made false and fraudulent representations with
respect to the character, etc., of land will not be relieved from lia-
bility therefor because the defrauded party looked over the lands at
a time when the ground was covered with snow to such an extent
that no proper examination could be made.

5. Interest will not be allowed on a claim for unliquidated dam-
ages, prior to judgment, when the amount of such damages is not
susceptible of ascertainment by computation or by reference to mar-
ket values.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County. Hon. John M. Flynn, Judge.

Publisher's Note.

2. When election of remedy is irrevocable, see note in 10 Am. St.
487.

Action for damages for fraudulent misrepresentations inducing contract for exchange of lands. Judgment for plaintiff. *Modified* and *affirmed.*

E. H. Berg and Danson, Williams & Danson, for Appellant.

By commencing action for rescission, respondent irrevocably elected to disaffirm the contract. The amended and supplemental complaint and the entry of judgment on the theory of affirming the contract was inconsistent with the election previously made. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; 20 C. J. 29; *Grizzard v. Fite,* 137 Tenn. 103, 191 S. W. 969, L. R. A. 1917D, 652; *Smeesters v. Schroeders,* 123 Wis. 116, 101 N. W. 363; *Conrow v. Little,* 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; *Terry v. Munger,* 121 N. Y. 161, 18 Am. St. 803, 24 N. E. 272, 8 L. R. A. 173.)

Under the amended and supplemental complaint, and the theory on which judgment was entered, the relief awarded was for unliquidated damages. Interest has been allowed in the judgment on the damages from March 1, 1919, to the date of judgment, and this was unwarranted. (*Barrett v. Northern Pacific Ry. Co.,* 29 Ida. 139, 157 Pac. 1016; *Storey & Fawcett v. Nampa & Meridian Irr. Dist.,* 32 Ida. 713, 187 Pac. 946; *Austin v. Brown Bros. Co.,* 30 Ida. 167, 164 Pac. 95; *Graham v. Brown Bros. Co.,* 30 Ida. 651, 168 Pac. 9.)

The evidence did not warrant a judgment in favor of respondent. The preliminary contract between the parties contemplated that respondent should investigate for himself before a trade should be made, and he did make such investigation without interference from appellant and nothing was concealed. Under such conditions respondent cannot claim that he relied upon the representations of appellant and disregarded his own investigation. (12 R. C. L. 357, sec. 111; 361, sec. 114; 424, sec. 172; 27 R. C. L. 359, sec. 59; *Farrar v. Churchill,* 135 U. S. 609, 10 Sup. Ct. 771, 34 L. ed.

246; *Slaughter v. Gerson*, 80 U. S. 379, 20 L. ed. 627; *Southern Development Co. v. Silva*, 125 U. S. 247, 8 Sup. Ct. 881, 31 L. ed. 678; *Shappirio v. Goldberg*, 192 U. S. 232, 24 Sup. Ct. 259, 48 L. ed. 419; *Van Horn v. O'Connor*, 42 Wash. 513, 85 Pac. 260; *Conta v. Corigat*, 74 Wash. 28, 132 Pac. 746; *Wilson v. Mills*, 91 Wash. 71, 157 Pac. 467; *Forester v. Jastad*, 97 Wash. 633, 167 Pac. 55; *Citizens' State Bank v. Moebeck*, 143 Minn. 291, 173 N. W. 853; *Asher v. Jensen*, 43 N. D. 355, 175 N. W. 365; *Sohan v. Gibson*, 118 Ky. 403, 80 S. W. 1173; *Merritt v. Dufur*, 99 Iowa, 211, 68 N. W. 553; *Hirschman v. Hodges*, 59 Fla. 517, 51 So. 550; *Aitken v. Bjerkvig*, 77 Or. 397, 150 Pac. 278; *Watson v. Molden*, 10 Ida. 570, 79 Pac. 503; *Kemmerer v. Pollard*, 15 Ida. 34, 96 Pac. 206; *Johnson v. Holderman*, 30 Ida. 691, 167 Pac. 1030.)

Ezra R. Whitla and E. T. Knudson, for Respondent.

Where equity assumes jurisdiction it will retain the same and grant damages where the specific relief prayed for cannot be given.

"An action for fraud and an action for rescission can be based upon the same identical facts, and whatever is proper awarded." (*Hetrick v. Gerlinger Motor Car Co.*, 84 Or. 133, 164 Pac. 379; *Bancroft v. Woodward*, 183 Cal. 99, 190 Pac. 445.)

"There is nothing inconsistent in his asking for rescission first and damages if he cannot have it." (*Glover v. Radford*, 120 Mich. 542, 79 N. W. 803; *Batholomew v. Walsh*, 163 Wis. 208, 157 N. W. 575; *International Realty & Securities Corp. v. Vanderpoel*, 127 Minn. 89, 148 N. W. 895; *Marshall v. Gilman*, 52 Minn. 88, 53 N. W. 811; *Freeman v. Fehr*, 132 Minn. 384, 157 N. W. 587; *Gunderson v. Halvorson*, 140 Minn. 292, 168 N. W. 8.)

"The wrongdoer cannot shield himself from liability by asking the law to condemn the credulity of his victim." (*Watson v. Molden*, 10 Ida. 570, 79 Pac. 503; *Speed v. Hollingsworth*, 54 Kan. 436, 38 Pac. 496; *Pennington v. Roberge*, 122 Minn. 295, 142 N. W. 710; *City of Tacoma v. Tacoma L.*

& *W. Co.*, 17 Wash. 458, 50 Pac. 55; *Baughman v. Gould*, 45 Mich. 481, 8 N. W. 73.)

Where the land sold was irregular so that one could not readily discover the shortage in acreage, an action of fraud would lie. (*Conta v. Corgiat*, 74 Wash. 28, 132 Pac. 746; *Glasgow v. Brecht*, 117 Wash. 245, 200 Pac. 1089.)

The ground being covered with snow, the vendee had the absolute right to rely upon the vendor's statements as to condition of the land. (*Knapp v. Schemmel & Armstrong* (Iowa), 124 N. W. 309; *Risch v. Von Lillienthal*, 34 Wis. 250; *Schmeisser v. Albinson*, 119 Minn. 428, 138 N. W. 775.)

"The owner of property, when he sells, is presumed to know whether the representation which he makes about it is true or false; and the positive statement thus made of a material fact, if false, is a fraud in law." (*Smith v. Richards*, 13 Pet. (U. S.) 26, 10 L. ed. 42; *Equitable Trust Co. v. Milligan* (Ind. App.), 64 N. E. 673; *Lynch v. Mercantile Trust Co.*, 18 Fed. 486, 5 McCrary, 623; *Richelberger v. Mills Land & Water Co.*, 9 Cal. App. 628, 100 Pac. 117; *Baird v. Gibberd*, 32 Ida. 796, 189 Pac. 56.)

Plaintiff had a right to rely on the statement of Ross as to the acreage. (*Porter v. Beattie*, 88 Wis. 22, 59 N. W. 499; *Quarg v. Scher*, 136 Cal. 406, 69 Pac. 96; *Speed v. Hollingsworth, supra; Cawston v. Sturgis*, 29 Or. 331, 43 Pac. 656; *Taylor v. Lytle*, 26 Ida. 97, 141 Pac. 92; *Ledbetter v. Davis*, 121 Ind. 119, 22 N. E. 744; *McGibbons v. Wilder*, 78 Iowa, 531, 43 N. W. 520; *Hoock v. Bowman*, 42 Neb. 80, 47 Am. St. 691, 60 N. W. 389; *Judd v. Walker*, 114 Mo. App. 128, 89 S. W. 558; *Best v. Offield*, 59 Wash. 466, 110 Pac. 17, 30 L. R. A., N. S., 55; *Stearns v. Kennedy*, 94 Minn. 439, 103 N. W. 212.)

Even going upon the ground does not preclude right of vendee to rely upon the representations of vendor. (*Rudolph v. Wright*, 124 Minn. 24, 144 N. W. 430; *Pennington v. Roberge, supra; Glasgow v. Brecht, supra.*)

Where it is necessary in order to secure full compensation for damages the courts quite generally allow interest. (17 C. J. 880; *Fell v. Union Pac. Ry. Co.*, 32 Utah, 101, 13

Ann. Cas. 1137, 88 Pac. 1003, 28 L. R. A., N. S., 1; *Cook v. Perry,* 43 Mich. 623, 5 N. W. 1054; *Briggs v. Brushaber,* 43 Mich. 360, 5 N. W. 338; *Snow v. Nowlin,* 43 Mich. 383, 5 N. W. 443.)

"Interest where the plaintiff has been defrauded of his property is necessary in order to make the damages compensate the plaintiff for the loss incurred." (*Moore v. Fryman,* 154 Iowa, 534, 134 N. W. 534; *Steele v. Kellogg,* 163 Mich. 132, 128 N. W. 403; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188; 12 R. C. L., p. 458; *Wintz v. Morrison,* 17 Tex. 372, 67 Am. Dec. 658.)

The proper measure of damages is the difference between the actual value of the property and its value as represented. (*Boddy v. Henry,* 113 Iowa, 462, 85 N. W. 771, 53 L. R. A. 769; *Stoke v. Converse,* 153 Iowa, 274, Ann. Cas. 1913E, 270, 133 N. W. 709, 38 L. R. A., N. S., 465; *Whiting v. Price,* 172 Mass. 240, 70 Am. St. 262, 51 N. E. 1084; *Smith v. Werkheiser,* 152 Mich. 177, 125 Am. St. 406, 115 N. W. 964, 15 L. R. A., N. S., 1092; *Chapman v. Bible,* 171 Mich. 663, 137 N. W. 533, 43 L. R. A., N. S., 373; *Robertson v. Halton,* 156 .. C. 215, 72 S. E. 316, 37 L. R. A., N. S., 298; *Fargo Gas & Coal Co. v. Fargo Gas & Electric Co.,* 4 N. D. 219, 59 N. W. 1066, 37 L. R. A. 593; *Howe v. Martin,* 23 Okl. 561, 138 Am. St. 840, 102 Pac. 128; *Gunther v. Ullrich,* 82 Wis. 220, 52 N. W. 88.)

WM. E. LEE, J.—This is an appeal from the judgment of the district court of the eighth judicial district, for Kootenai county, in favor of respondent Charles Gridley and against appellant R. C. Ross for the sum of $3,145.08 and costs.

On and prior to March 1, 1919, appellant and another were the owners of a ranch in Powell county, Montana, consisting of more than a thousand acres, together with certain horses, cattle, farm machinery, hay, grain and other things comprising a farming outfit and necessary to farming operations. At the same time Charles Gridley, an elderly man of Coeur d'Alene, was the owner of considerable city and

suburban property in Coeur d'Alene. In February, 1919, appellant made a trip to Spokane, Washington, and listed his land with certain real estate dealers. An advertisement thereof was had in a newspaper and was seen by respondent, who, being desirous of acquiring a stock and dairy ranch, entered into negotiations with appellant which resulted in the execution of a contract for a trade of the property of these parties. The contract was executed after appellant had examined the property of respondent, and it provided for the exchange of the lands subject to an examination and approval, by respondent, of appellant's lands in Montana. Within a few days after the execution of the contract, respondent's two sons, both men of mature age, went to the Montana ranch to examine it. They arrived there at 11 o'clock one morning, found the land covered with snow, and left about the same time the next day. Upon their return to Coeur d'Alene, and on or about March 1, 1919, the trade was made. Appellant took possession of the property formerly owned by respondent at Coeur d'Alene, and respondent moved onto the property in Montana.

This action was commenced on August 23, 1919. The complaint as originally filed alleged the fraudulent representations of appellant concerning the Montana property and prayed for a rescission of the contract. In the original complaint, however, respondent asked that no reconveyance of the lands be made unless the appellant should surrender certain negotiable, promissory notes executed by respondent, or in some other way save respondent harmless from liability thereon. Thereafter, respondent filed an amended and supplemental complaint in which he alleged the necessary transfer by him of the Montana property and the transfer by appellant of certain of the Coeur d'Alene property, and prayed for damages. The case was tried before the court without a jury, and judgment was entered in favor of respondent and against appellant.

The appellant assigns 23 errors, practically all of which are based upon the alleged insufficiency of the evidence to sustain the findings and judgment. Appellant has failed to

comply with our practice in questioning the sufficiency of the evidence to sustain the findings and judgment, in that it is not shown in what particulars the evidence is insufficient. (*McDonald v. North River Ins. Co.*, 36 Ida. 638, 213 Pac. 349.) However, to determine the principal questions involved upon the merits, we have read the entire record, which consists of 1,151 typewritten pages, and we have come to the conclusion that the evidence in the case sustains the findings of the court, which are full and complete.

Paragraph XVI of the findings indicates the nature of this action, and is as follows:

## "XVI.

"The court finds that the exchange of the plaintiff's Coeur d'Alene property for the Montana property of the defendant and the execution of the promissory notes before mentioned, were induced solely and wholly by the defendant's false and fraudulent representations concerning the Montana property and the value of the Montana property, and plaintiff would not have entered into such an exchange and conveyed his Coeur d'Alene property to defendants and would not have made the notes and mortgage had it not been for his reliance upon the belief of the truth of the defendant's false representations concerning the character and value of the Montana property."

Appellant complains that the court erred "in permitting the filing of the amended and supplemental complaint"; and he argues that, by commencing an action to rescind the contract, respondent thereby made his election to rescind and could not thereafter abandon such election, affirm the contract, and ask for damages. In support of his contention, appellant cites considerable authority. Whether or not it would be possible for a litigant, under the facts here existing, to commence an action to rescind, and, his right to rescind being denied by the court, then, in another action, affirm the contract and sue for damages, is not the situation with which we are confronted. In this case respondent commenced his action to rescind, but before trial so amended the original complaint as to affirm the contract and ask for

damages. Does the filing of a complaint in which rescission is sought, therefore, constitute such an irrevocable election to disaffirm the contract that it is not possible thereafter in the same action to affirm the contract and seek damages?

When the district court obtained jurisdiction to grant a rescission of the contract, as was prayed for in the original complaint, it obtained jurisdiction to grant whatever relief, either equitable or legal, respondent was entitled to under the allegations of his complaint. The amended complaint merely informed the court that rescission was impossible, and prayed for damages. In the course of the trial upon the allegations of the original complaint, when it became apparent that rescission could not be had, it would have been proper for the trial court to permit an amendment of the prayer and to award respondent such damages as the evidence justified.

This court held in *Rauh v. Oliver*, 10 Ida. 3, 77 Pac. 20, that under the provisions of the Code of Civil Procedure the technicalities of pleading under the common law have been dispensed with, and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in assumpsit, trespass or ejectment, without regard to the ancient forms of pleading, and that the plaintiff can be sent out of court only when upon his alleged facts he is not entitled to any relief either at law or in equity. (*Bates v. Capital State Bank et al.*, 21 Ida. 141, 121 Pac. 561; *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545; *Union Savings, Building & Trust Co. v. McClain et al.*, 23 Ida. 325, 130 Pac. 84; *Poncia et al. v. Eagle et al.*, 28 Ida. 60, 152 Pac. 208.)

The following statement of the supreme court of California, in the case of *Bancroft et al. v. Woodward*, 183 Cal. 99, 190 Pac. 445, it would seem, is clearly in point:

"It could hardly be questioned, for example, that under a complaint which, by proper and sufficient averments, set out that the plaintiff had been induced by fraud to enter into a contract and had endeavored to rescind it because of such fraud, and prayed relief upon the basis of a rescission, the

plaintiff might be accorded damages in case the fraud were found, but under such circumstances that the right of rescission did not exist. To put the matter in another way, it is wholly inconsistent for a party defrauded to ask for damages first and a rescission if he cannot have them. But there is nothing inconsistent in his asking for rescission first and damages if he cannot have it. The defendant here by his counterclaim and cross-complaint, filed at the same time, has gone no further than to say that he is entitled either to damages or to rescission, and that if he cannot have the latter he asks the former. There is nothing in this that constitutes an affirmance so that his right to rescission is gone. Upon this point the case comes directly within the rulings of *Glover v. Radford,* 120 Mich. 542, 79 N. W. 803, and *Richardson v. Lowe,* 149 Fed. 625, 79 C. C. A. 317." (1 Pomeroy's Eq. Jur., 3d ed., sec. 237; *Marshall v. Gilman,* 52 Minn. 88, 53 N. W. 811; *Johnson v. Carter et al.,* 143 Iowa, 95, 120 N. W. 320; *International etc. Corp. v. Vanderpoel et al.,* 127 Minn. 89, 148 N. W. 895; *Freeman v. Fehr et al.,* 132 Minn. 384, 157 N. W. 587; *Gunderson et al. v. Halvorson,* 140 Minn. 292, 168 N. W. 8; *Friederichsen v. Renard et al.,* 247 U. S. 207, 38 Sup. Ct. 450, 62 L. ed. 1075.)

By commencing his action to rescind, respondent did not make such an unalterable election of the remedies open to him as to prevent him from filing an amended complaint affirming the contract and asking for damages; and it would seem to be the more reasonable rule, in such a case, that where one has a choice of two remedies, even though inconsistent, the mere commencement of an action based on one remedy will not necessarily constitute an irrevocable act of election. (20 C. J. 31; *Whitley v. Spokane & Inland Ry. Co.,* 23 Ida. 642, 132 Pac. 121; *Boise Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032.)

"Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered though no advantage has been gained nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is

that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election." (9 R. C. L. 961.)

"Therefore, the mere commencement of an action to obtain the reformation, rescission or vacation of an instrument is not an election precluding a subsequent action on such instrument, although there is authority to the contrary." (20 C. J. 30.)

We have carefully studied the case of *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15, as it bears upon the question of the election of remedies. While, in that case, this court quoted with seeming approval, an excerpt from *Scott v. Walton,* 32 Or. 460, 52 Pac. 180, portions of which tend to sustain appellant's views, a careful reading of what this court said in *Breshears v. Callender, supra,* necessary to a decision of that cause, fails to disclose anything in conflict with the views herein expressed.

From the findings it is disclosed that appellant, knowing that respondent had not made and could not then make any sufficient examination of the Montana property, and to induce respondent to make the trade which was finally consummated, made to respondent certain representations which were material, which were false and known to appellant to be false; that respondent believed the representations made by appellant to be true, and, acting on such belief, conveyed to appellant the Coeur d'Alene property, paid him at that time $500 in money, and executed and delivered to him his certain promissory notes in exchange for the Montana property, and was damaged thereby. It is further found that respondent took possession of the Montana property, but on account of the fact that the ground was still covered with snow, respondent did not discover the character of the land or the shortage in the acreage of certain classes of land until he commenced to put in a crop in April, and the extent and details of the misrepresentations were not ascertained by respondent until some time thereafter; that as soon after

the extent and details of the misrepresentations were discovered as was possible, respondent engaged an attorney and commenced his action. Prior to making the exchange of properties, respondent did not and could not make a full and complete examination of the Montana property, and was not advised of the character, condition and value thereof; and that he relied upon the representations of appellant.

For the reason that it would serve no useful purpose to do so, the evidence which sustains the findings of the court will not be set forth at length. It is sufficient to say that it strongly preponderates in favor of respondent, without doubt establishes the allegations of the complaint, sustains the findings of the trial court, and, according to the overwhelming weight of authority, entitles respondent to judgment for the damages sustained. (*Burger v. Calek et al.,* ante, p. 235, 215 Pac. 981; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Speed v. Hollingsworth et al.,* 54 Kan. 436, 38 Pac. 496; *Pennington v. Roberge,* 122 Minn. 295, 142 N. W. 710; *Glasgow v. Brecht et al.,* 117 Wash. 245, 200 Pac. 1089.)

Appellant strongly insists that respondent was not entitled to recover in this action because, under the contract for the exchange of properties, respondent had a right to examine the Montana property and could decline to make the exchange unless he was satisfied with the Montana property after such examination; that respondent's two sons, at his instance, made an examination of the property; and that he acted upon their report and made the exchange. While it is possible that respondent manifested poor judgment in making this exchange without a full and complete examination of the Montana property, it is found by the trial court that because of snow, no sufficient examination of the Montana property could be made, and that respondent did not rely upon the examination made by his sons, but believed and relied upon the representations made by appellant. This, respondent had a right to do, and his failure to make a sufficient examination of the Montana lands, under the circumstances, will not relieve appellant of the responsibility of

the misrepresentations knowingly made by him and relied upon by respondent. (*Burger v. Calek et al., supra.*)

The St. Louis court of appeals, in the case of *Judd v. Walker et al.*, 114 Mo. App. 128, 89 S. W. 558, a case somewhat similar to the one at bar, quoted Bigelow on Frauds, pp. 523–525, as follows:

"The proposition has now become very widely accepted, at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge were specially open to him, or though he had legal notice, as, e. g., in the public registry, of the real state of things. It may be improbable that a man with the truth in reach should accept a representation made in regard to it, but the improbability can be no more than matter of fact. If the representation were of a character to induce action, and did induce it, that is enough. It matters not, it has well been declared, that a person misled may be said, in some loose sense, to have been negligent (in reality negligence is beside the case where the misrepresentation was calculated to mislead, and did mislead); for it is not just that a man who has deceived another should be permitted to say to him: 'You ought not to have believed or trusted me,' or 'You were yourself guilty of negligence.' This indeed appears to be true even of cases in which the injured party had in fact made a partial examination. Nor is the rule applicable merely to cases which in some respects stand upon special ground, as, e. g., suits for specific performance; it applies to rescission equally, and indeed is a general rule."

"The plaintiff was on a part of the land, it is true; but at the time it was covered with snow, and he could not determine its character and quality. He had the right to rely upon the defendant's representations as to its quality and value, when the conditions were such that he could not determine them for himself." (*Knapp v. Schemmel & Armstrong* (Iowa), 124 N. W. 309.) *Watson v. Molden, supra; Burger v. Calek et al., supra,* and cases there cited; *Risch v. Von Lillienthal*, 34 Wis. 250.

The trial court properly adopted, as the measure of damages, the difference between the value of the property parted with and the value of the property received. (*Frank v. Davis,* 34 Ida. 678, 203 Pac. 287.)   The trial court found the actual value of the entire Montana property, represented by appellant Ross to be $50,000, was not to exceed $44,500. The court further found that the actual value of the Coeur d'Alene property was $21,500; that the respondent paid appellant $500 in money at the time of the trade, and executed and delivered his negotiable, promissory notes for $25,000. The court, therefore, determined that appellant had received $47,000 of value from respondent for $44,500 of value, and adjudged respondent entitled to damages in the sum of $3,000.   Appellant contends that an error of $500 was made by the trial court; and that, based on the findings of the court, respondent was only entitled to a judgment for $2,500. According to the plan followed by the trial court in arriving at the amount of damages, it appears that the judgment is $500 greater than it should have been.

In ascertaining the amount respondent was entitled to recover, the trial court allowed interest on what it found to be the difference between the values of the respective properties from March 1, 1919, to the date of judgment, and in doing so appellant contends that the court erred.   This court said in *Medling et al. v. Seawell,* 35 Ida. 333, 207 Pac. 137, that "where a claim is for unliquidated damages, the amount of which is not susceptible of ascertainment by computation or by reference to market values, interest will not be allowed prior to judgment."   This was an action for unliquidated damages and respondent asked for damages in the sum of $25,000, but interest was not claimed in either the original or amended complaint.

In the case of *Storey & Fawcett v. Nampa & Meridian Irr. Dist.,* 32 Ida. 713, 187 Pac. 946, which was an action to foreclose a mechanic's lien, the court refused to approve the allowance of interest prior to judgment, and said:

"While the point does not seem to have been material in the above cases [referring to certain decisions of this court],

37 Idaho.—45

the circumstances of this case require us to call attention to the fact that the true date from which the amount found due draws interest is the date of the rendition of the verdict of the jury or the decision of the court.''

Respondent contends that interest in this case should be allowed upon the theory that it was necessary to fully compensate respondent and do justice between the parties. It is evident that the court did not allow interest upon this theory for the reason that there is no finding of the court to that effect. In fact, the court makes no reference to this item in its findings. We are, therefore, of the opinion that the trial court erred in allowing interest upon the amount to which plaintiff was found entitled from March 1, 1919, to the date of judgment. (*Barrett Bros. v. Northern Pac. Ry. Co.,* 29 Ida. 139, 157 Pac. 1016; *Austin v. Brown Bros. Co.,* 30 Ida. 167, 164 Pac. 95.)

The judgment as originally entered will be modified by deducting therefrom the sum of $500 and the entire interest from March 1, 1919, to the date of judgment. The judgment is modified and affirmed. Costs will not be allowed either party.

McCarthy and William A. Lee, JJ., concur.

Dunn, J., was not present at the hearing and took no part in the decision.