(December 3, 1924.)

T. W. SMITH, Appellant, v. E. A. NEELEY and P. E. NEELEY, Respondents.

[231 Pac. 105.]

MOTION FOR NEW TRIAL—PLEADING—COUNTERCLAIM—PLEADING DAMAGE FROM FRAUD—OBJECTION TO EVIDENCE ON GROUND NO CAUSE OF ACTION PLEADED.

    1. A paper styled "Notice of intention to move for a new trial," when sufficient in form as a notice of motion for a new trial, will be considered as such, as to any matters sufficiently presented thereby.

    2. When a general objection is made to the introduction of evidence upon the ground that the facts pleaded do not constitute

a cause of action nor a defense, the court will consider as properly alleged all facts that may reasonably be implied from the allegations made, and it is only when the pleading utterly fails to state, either directly or by reasonable inference, some fact essential to the cause of action or defense pleaded, that such objection should be sustained.

3. In order to show damage from fraud, the purchaser of property must plead that the property he obtained was of less value than the price paid for it.

4. *Held*, that the affirmative defense of fraud in this case, and the counterclaim based upon the same facts, fail to show either directly or by any possible inference facts constituting either a defense or a counterclaim, and the objection to the introduction of evidence offered on that issue should have been sustained.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action upon promissory note. Judgment for defendants. Order denying motion for new trial *reversed.*

Taylor & Denman, for Appellant.

Where timely objection has been made it is error to admit evidence, in support of an answer or counterclaim that does not state facts sufficient to constitute a defense or counterclaim. (C. S., secs. 6693, 6701; *Swanholm v. Reeser*, 3 Ida. 476, 31 Pac. 804; *Montana Electric Co. v. Thompson*, 36 Ida. 127, 209 Pac. 722; *Western Loan Bldg. Co. v. Gem State Lumber Co.*, 32 Ida. 497, 185 Pac. 554; *Dietsch v. Wiggins*, 1 Colo. 299, 82 U. S. 539, 21 L. ed. 228; *McConnell v. Davis*, 46 Okl. 201, 148 Pac. 687; *Hilton v. Bailey*, 46 Okl. 759, 149 Pac. 863; *Ferat v. Anderson*, 53 Mont. 172, 163 Pac. 112; *United Casting Co. v. Duncan*, 44 Cal. App. 384, 186 Pac. 403; *Wolter v. Dixon*, 29 Ida. 26, 157 Pac. 250.)

An allegation of damage is essential to a defense or counterclaim based on the ground of fraud. (*Frank v. Davis*, 34 Ida. 678, 203 Pac. 287; *Breshears v. Callender*, 23 Ida. 348, 131 Pac. 15; *Kemmerer v. Pollard*, 15 Ida. 34, 96 Pac. 206; *Brown v. Bledsoe*, 1 Ida. 746; *Watson v. Molden*, 10

Ida. 570, 79 Pac. 503; 26 C. J. 1062–1065, 1167, 1182; *Gridley v. Ross,* 37 Ida. 693, 217 Pac. 989.)

An allegation that the property sold is worth less, by a certain sum, than it was represented to be worth is not an allegation of damage. (*Curtis v. Buzard,* 254 Pa. 61, 98 Atl. 777; *Parks v. Smith,* 95 Or. 300, 186 Pac. 552; *Salisbury v. Godard,* 79 Or. 593, 156 Pac. 261; *Pitts v. Kennedy* (Tex. App.), 177 S. W. 1016; *Thompson v. Newell,* 118 Mo. App. 405, 94 S. W. 557; *Alden v. Wright,* 47 Minn. 225, 49 N. W. 767; *Gordon v. Rhodes* (Tex. App.), 117 S. W. 1023; *Maxon-Nowlin Co. v. Norswing,* 166 Cal. 509, 137 Pac. 240.)

The "Notice of intention to move for new trial," was intended as a "Notice of motion for new trial." It was also treated as such by the respondents in all the subsequent proceedings leading up to the final disposition of the motion, and no objection was made to its form in the court below.

The court will look to the substance and purpose of the notice in passing upon its sufficiency. (*Robinson v. St. Maries Lumber Co.,* 32 Ida. 651, 186 Pac. 923; *Times Printing etc. Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776.)

James & Ryan, for Respondents.

There is no provision in the Idaho statutes for filing a "Notice of intention to move for new trial" but the proper document to be filed is a "Notice of motion for new trial." (C. S., sec. 6890; *Kelley v. Clark,* 21 Ida. 231, 121 Pac. 95.)

Issues not raised by the pleadings, questions not raised in the trial court and errors not raised on the motion for new trial and urged in the lower court will not be considered on appeal. (*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608.)

Rulings of the trial court relating to the pleadings cannot be made the ground of a motion for new trial. (20 R. C. L., sec. 45, p. 262; 131 Am. St. 190, at 193; 74 Am. Dec. 233; 6 Ann. Cas. 607.)

The refusal to grant a motion for new trial is addressed to the discretion of the trial court and in the exercise of this discretion it will not be disturbed except in the case of manifest abuse. (*McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852.)

An objection that the complaint does not state facts sufficient to constitute a cause of action cannot be reviewed upon an appeal from an order denying a new trial where there is no appeal from the judgment. (*Naylor v. Lewiston etc. Ry. Co.,* 14 Ida. 789, 96 Pac. 573; *Bode v. Lee,* 102 Cal. 583, 36 Pac. 936; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69.)

Partners stand in a fiduciary relation to each other. Where one partner sells his interest to his copartner who relies on the integrity and superior knowledge of the other to calculate the value of the property, he may recover to the extent of errors committed in arriving at the amount of the consideration, whether the errors are the result of fraud or mistake. (*Crockett v. Burleson,* 60 W. Va. 252, 54 S. C. 341, 6 L. R. A., N. S., 263; *Ehrmann v. Stitzel,* 121 Ky. 751, 123 Am. St. 224, 90 S. W. 275; *Nelson v. Matsch,* 38 Utah, 122, Ann. Cas. 1912D, p. 1242, 110 Pac. 685; *Turner Agency v. Pemberton,* 38 Ida. 235, 221 Pac. 133.)

BRINCK, Commissioner.—Plaintiff, appellant here, brought suit upon a promissory note for $1,616.72, executed by defendants. As defenses the defendants alleged a material alteration in the note, and that the note was procured by fraud on the part of plaintiff; they also alleged the same fraud as the basis of a counterclaim in the sum of $2,135.16. The jury in answer to a special interrogatory found there had been no material alteration in the note, but rendered a general verdict for the defendants in the sum of $808.36, and judgment was entered thereon. Plaintiff moved for a new trial, which motion was denied, and the only appeal is from the order denying the new trial.

As to whether appellant properly raised at the trial the questions on which he relies here, and whether he has suffi-

ciently presented by his notice of motion for new trial, any of the questions urged, various contentions are made by the respondents upon the record. Plaintiff's original notice of his motion for a new trial is styled "Notice of intention to move for a new trial"; but it being sufficient in form as a notice of motion for a new trial, it will be considered as such, as to any matters sufficiently presented thereby. (*Times Printing Co. v. Babcock*, 31 Ida. 770, 176 Pac. 776.)

After the time elapsed for filing specifications of particulars in which the evidence was claimed by plaintiff to be insufficient to justify the verdict, a new notice of motion for a new trial was filed, containing such specifications; and the trial court, upon plaintiff's application, under C. S., sec. 6726, for relief from his default in not filing the specifications, entered an order purporting to grant the relief asked, and considered the specifications upon the hearing of the motion for new trial. Whether C. S., sec. 6726, authorizes relief in such a case need not be decided here, since one question raised by the original notice of motion for new trial requires a reversal of the order appealed from.

One of the errors of law occurring at the trial, alleged in the first notice of motion for a new trial, consists of the overruling by the court of plaintiff's objection to any evidence offered in support of the defense and counterclaim, so far as based on fraud, upon the ground that the answer in that respect fails to state facts sufficient to constitute a defense or state a counterclaim. To attack pleadings by a general objection to the introduction of evidence upon the ground that the facts pleaded do not constitute a cause of action nor a defense is not a commendable practice, and is not favored by the courts, and upon such objection the court will consider as properly alleged all facts that may reasonably be implied from the allegations made. Every intendment will be taken in favor of the sufficiency of the pleading, and it is only when the pleading utterly fails to state, either directly or by reasonable inference, some fact essential to the cause of action or defense pleaded. that such objection

should be sustained. (*Coliseum Athletic Assn. v. Dillon*, 204 Mo. App. 504, 223 S. W. 955; *Hines v. Pershin*, 89 Okl. 297, 215 Pac. 599.) But if by even such liberal construction the pleading itself fail to state facts sufficient to constitute a cause of action or defense, then the objection should be sustained. (31 Cyc. 759; *Carpenter v. Sibley*, 153 Cal. 215, 126 Am. St. 77, 15 Ann. Cas. 484, 94 Pac. 879, 15 L. R. A., N. S., 1143; *McConnell v. Davis*, 46 Okl. 201, 148 Pac. 687; *Haupt v. Independent Tel. Messenger Co.*, 25 Mont. 122, 63 Pac. 1033.)

Appellant's contention is that the fraud pleaded as a defense does not show that respondents were damaged thereby, and that the counterclaim likewise fails to show such damage. The defense so pleaded by defendants was that the plaintiff and defendants had been copartners in the ownership and operation of certain farm property; that on December 21, 1920, the parties agreed to dissolve the partnership and that defendants should purchase the interest of plaintiff therein; that plaintiff had been bookkeeper of the partnership, and made certain representations to defendants as to assets and liabilities of the partnership, which they relied upon in arriving at the purchase price of plaintiff's interest; that by reason of the existence of certain outstanding liabilities not disclosed by plaintiff, and the nonexistence of certain assets which he represented to exist, the total assets of the partnership were worth $2,135.16 less than plaintiff represented them to be worth; that the defendants thereupon agreed to pay plaintiff $3,600 for his interest in the partnership assets, and that the note sued on by plaintiff was a note given for a part of said purchase price. The counterclaim, by reference, incorporated all of said allegations of fraud and stated that by reason thereof the plaintiff was indebted to defendants in the sum of $2,135.16. The theory of the defense and counterclaim pleaded, and the theory upon which the case was tried and the jury instructed, was that if the assets were worth less than they would have been if as represented, the defendants were damaged to that extent. It was not pleaded, nor did the defendants

attempt to show by the evidence that the interest of plaintiff in the partnership assets was in fact worth less than the purchase price agreed by the defendants to be paid therefor; nor was rescission asked or tendered.

Perhaps under the numerical weight of authority, the fact that the assets were worth less than they would have been worth if as represented, in itself shows a damage to the defendants. (27 C. J. 92.) But this court has adopted the rule adhered to by other and equally eminent authority, to the effect that in order to show damage from fraud, the purchaser of property must show that the property he obtained was of less value than the price paid for it. (*Frank v. Davis,* 34 Ida. 678, 203 Pac. 287; *Gridley v. Ross,* 37 Ida. 693, 217 Pac. 989; 27 C. J. 96, and cases cited.) Among the courts adopting this rule is the supreme court of the United States. Upon the theory that in such a case the defrauded party is entitled to recover the loss he has sustained, which is obviously the difference between what he parted with and what he received, and that he should not in such case recover speculative profits in addition thereto, it was so held, upon a review of the conflicting lines of authority, in *Sigafus v. Porter,* 179 U. S. 116, 21 Sup. Ct. 34, 45 L. ed. 113.

It would seem that this court has settled the rule of law on this point in *Frank v. Davis;* and under that rule, the affirmative defense of fraud, and the counterclaim based upon the same facts, utterly fail to show either directly or by any possible inference, facts constituting either a defense or a counterclaim. The objection to the evidence offered on that issue should have been sustained.

In view of the fact that a new trial must be granted, it should perhaps be pointed out that the plaintiff should be held liable only for the damage, if any, resulting from any loss to the defendants in the purchase of his share. Under the instructions of the court, and obviously by the verdict of the jury, it was considered that although plaintiff owned and sold only an undivided interest in the partnership assets, presumably one-third, he was chargeable with the full amount of the difference in the partnership assets as a whole.

Even if defendants' theory of the rule of damages were correct, on proof that the partnership assets were worth some $2,100 less than they would have been if as represented, the plaintiff should only have borne one-third of that loss; and the jury finding that there was no alteration in the note, must necessarily have ·found a verdict for the plaintiff in the amount of the note less a maximum of one-third of the alleged damages, or about $700.

The order appealed from should be reversed and a new trial granted.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby approved and adopted as the opinion of the court, and it is ordered that the order appealed from be reversed and that a new trial be granted.   Costs awarded to appellant.