203 P.2d 600

**JESSE M. CHASE, Inc. v. LEONARD et al.**

**No. 7460.**

Supreme Court of Idaho.

Feb. 28, 1949.

J. W. Galloway, of Boise, for respondent.

**HOLDEN, Chief Justice.**

Plaintiff and respondent, Jesse M. Chase, Inc., and defendant and appellant, Karl Leonard, doing business under the firm to possession. The plaintiff Thomas testified that the defendants had continuous name and style of Buy Rite Auto Sales, each operates a used automobile sales agency in Boise. June 21, 1947, defendant and appellant sold and delivered to plaintiff and respondent a Ford pick-up for the sum of $1,000. The pick-up had been built of different parts of models of different years. There is evidence that at the time of the sale the pick-up was orally represented to respondent to be a 1946 model and a certificate of title listing it as such was delivered to respondent, the certificate of title having

Fredericks & Jeppesen, of Boise, for appellants.

been issued by the department of law enforcement June 7, 1947 (no blame, it should be said, in any way attaches to that department in so far as the issuance of the certificate is concerned). Within ten days after the sale respondent offered to return the pick-up to appellant and demanded appellant pay back the sum of $1,000, the purchase price paid to appellant at the time of the sale, which appellant refused to do.

August 25, 1947, this action was commenced by respondent against defendant and appellant to recover damages for alleged breach of warranty. Following the commencement of the action defendant and appellant interposed a general demurrer to respondent's complaint which was later sustained by the court with leave to file an amended complaint. Accordingly, respondent filed an amended complaint October 13, 1947, to which defendant and appellant also interposed a general demurrer. November 22, 1947, such demurrer was overruled by the court with leave to appellant to answer within ten days. Thereafter, to wit, December 1, 1947, appellant filed an answer.

The case was tried January 21, 1948, by the court sitting without a jury, on the amended complaint and the answer thereto. April 1, 1948, the court made and filed its findings of fact and conclusions of law in favor of respondent and against appellant and on the same day entered judgment thereon from which an appeal was taken to this court.

We are first confronted with the question as to whether the amended complaint states a cause of action. In its amended complaint as far as pertinent to the decision of that question, respondent alleged:

"3. That on or about the 21st day of June, 1947, at Boise, Idaho, the defendant, Karl Leonard, and the defendant, Thurman Sams, as duly authorized agent of said defendant, Karl Leonard, sold and delivered to the plaintiff a 1936 Ford Pick-up automobile with a 1946 Ford cab and a Chevrolet bed, for the sum of One Thousand ($1,000.00) Dollars.

"4. That at the time of said sale and as an inducement therefor, the defendant, Karl Leonard, and the defendant, Thurman Sams, as his duly authorized agent, warranted that said Ford Pick-up automobile was a 1946 model, when in truth and in fact it was a 1936 model and that at the time of said sale the plaintiff relying upon said warranty paid to the defendants the said sum of One Thousand ($1,000.00) Dollars.

"5. That the fair market value of said automobile in Boise, Idaho, on the date of said sale was the sum of Two Hundred ($200.00) Dollars, and by reason of the premises and the warranty of said defendants, the plaintiff was mislead and injured, to his damage in the sum of Eight Hundred ($800.00) Dollars."

Appellant contends: "The court erred in overruling defendants' demurrer to plaintiff's amended complaint for the reason that

said amended complaint did not state facts sufficient to constitute a cause of action."

The question is thus presented as to what is the correct measure of damages, whether the difference between the price paid for the pick-up and its reasonable market value at the time of the sale as alleged in the amended complaint, or the difference between the reasonable market value of the pick-up at the time of the sale and the reasonable market value at such time had it been as warranted, the measure contended for by appellant.

It seems, as will presently appear, that in both actions of fraud and actions for breach of warranty the reason for applying the rule that the measure of damages is the difference between the price paid and reasonable market value, is to limit recovery to the loss actually sustained by the buyer, thus preventing recovery of speculative profits; in other words, limiting recovery to "the loss directly and naturally resulting, in the ordinary course of events," as fixed by subd. 6, sec. 62-507, I.C.A. We first direct attention to Smith v. Neeley, 39 Idaho 812, 818, 231 P. 105, 106, a case of fraud, where the rule last above mentioned was applied. In that case this court said: "Perhaps, under the numerical weight of authority, the fact that the assets were worth less than they would have been worth if as represented, in itself shows a damage to the defendants. 27 C.J. 92. But this court has adopted the rule adhered to by other and equally eminent authority, to the effect that in order to show damage from fraud, the purchaser of property must show that the property he obtained was of less value than the price paid for it. Frank v. Davis, 34 Idaho 678, 203 P. 287; Gridley v. Ross, 37 Idaho 693, 217 P. 989; 27 C.J. 96, and cases cited. Among the courts adopting this rule is the supreme court of the United States. Upon the theory that in such a case the defrauded party is entitled to recover the loss he has sustained, which is obviously the difference between what he parted with and what he received, and that he should not in such case recover speculative profits in addition thereto, it was so held, upon a review of the conflicting lines of authority, in Sigafus v. Porter, 179 U.S. 116, 21 S.Ct. 34, 45 L.Ed. 113." Approved in Smith v. Johnson, 47 Idaho 468, 472, 276 P. 320.

We next direct attention to Baker Mfg. Co. v. Hall et al., 104 Wash. 15, 175 P. 304, 305, an action for the recovery of damages for breach of warranty, where the court pointed out that any value above the contract price would be speculative.

Furthermore, that the correct measure of damages in an action for breach of warranty is the difference between the price paid and reasonable market value, we direct attention to a very recent case, Pugh v. Tidwell, 52 N.M. 386, 199 P.2d 1001, 1002, an action to recover damages for breach of warranty involving, as in the case at bar, the sale and purchase of an automobile, where that court held the meas-

ure of damages is the difference between the agreed price at the time and place of delivery and the market price.

To what has been said may be added there exists a well-marked conflict in the authorities as to the measure of damages in cases of fraud in the sale of property. One line of authorities holds the measure of damages is the difference between value at the time of delivery and the value the property would have had if it had been as represented. This holding is predicated on the theory the purchaser is entitled to the benefit of his bargain. The other line of authorities holds the measure of damages in case of fraud is the difference between the price paid by the purchaser, and market value at the time of delivery. That holding is based upon the theory the purchaser's damage is the difference between what he parted with and what he received, and that he should not be permitted to recover speculative profits in addition thereto.

There is the same division in the authorities as to which of the above rules is available to a purchaser as the measure of damages in an action for breach of warranty. However, there can be no difference in the amount of damages actually suffered by the purchaser, whether they be the result of misrepresentation, with the additional elements of fraud, or whether the damages arise from a misrepresentation amounting, under a contract, to a breach of warranty. It would, we venture to say, be rather inconsistent to adopt one rule as to the meas-

ure of damages arising from a misrepresentation, with the added elements of fraud, and to adopt another rule fixing a different and greater measure of damages arising from a misrepresentation in the sale of property in cases of breach of warranty. Such a holding would seem to put a premium on fraud.

█ Finally, and regardless of the various rules governing the measure of damages, the legislature by the enactment of the Uniform Sales Law, subd. 6, sec. 62-507, I.C.A., fixed "The measure of damages for breach of warranty is [as] the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty."

The difference between the price paid for the pick-up and its reasonable market value at the time of the sale having been alleged, the amended complaint states a cause of action.

█ █ But the trial court failed to find on one of the material issues formed by the pleadings, in this: Respondent alleged in his amended complaint that the market value of the pick-up at the time of the sale was the sum of $200, and appellant in his answer denied the allegation. Thus the reasonable market value of the pick-up at the time of the sale became one of the material issues. Nevertheless, the trial court failed to make a finding on that issue. This court has uniformly held, commencing with the early case of Standley v. Flint, 10 Idaho 629, 79 P. 815, that "Where the court omits to find on all of the material issues, the

judgment must be reversed." Cheesbrough v. Jensen, 62 Idaho 255, 257, 109 P. 2d 889; Holden v. Holden, 63 Idaho 70, 72, 116 P.2d 1003; Nohrnberg v. Boley, 42 Idaho 48, 59, 246 P. 12; Jensen v. Bumgarner, 25 Idaho 355, 359, 137 P. 529; Uhrlaub v. McMahon, 15 Idaho 346, 350, 97 P. 784.

Inasmuch as the judgment rendered and entered in this case must be reversed and the cause remanded for a new trial, we deem it advisable to point out the instant case is an action at law for the recovery of damages, and not a suit in equity for the rescission of a contract; hence, the trial court erred in treating the action as such and in ordering a sale of the pick-up.

It follows the judgment appealed from must be reversed and the cause remanded, and it is so ordered, with instructions to the trial court to grant a new trial. Costs awarded to appellants.

HYATT and PORTER, JJ., concur.

TAYLOR, District Judge (concurring and dissenting).

I agree that the judgment must be reversed because of the failure of the trial court to find upon one of the material issues in the case, i. e., the actual market value of the car at the time and place of the sale.

However, I am of the opinion that the measure of damages, announced in Smith v. Neeley, 39 Idaho 812, 231 P. 105, and Smith v. Johnson, 47 Idaho 468, 276 P. 320, has no application in this case. Those were actions in tort for damages for fraud. Here the action is on contract for breach of warranty. In this case the measure of damages is fixed by subd. 6, sec. 62-507, I.C.A. To limit the language of that sub-section by saying that, in all cases coming under it, the maximum limit of recovery is the difference between the actual value and the contract price, is unwarranted and contrary to the weight of authority. 1 U.L.A., Uniform Sales Act, sec. 69 and notes; 34 A.L. R. 549; 48 A.L.R. 985; 130 A.L.R. 762; 55 C.J. p. 1187; 25 C.J.S., Damages, § 76 page 570; 46 Am.Jur., Sales, secs. 737, 738. Particularly applicable, is the discussion in this last paragraph (738) of the early cases as contrasted with the more modern view.

In any event the adoption of either of the general rules is not necessary to a decision in this case. Here the plaintiff asks only for the difference between the actual value and the contract price. In such a situation it will be assumed, either, that he waives any greater measure of damages, or that the contract price was also the fair market value of the vehicle had it conformed to the warranty.

In this case the court ordered the sale of the car and entered judgment for the plaintiff for the difference between the amount for which it was resold and the contract price paid. The plaintiff did not seek to exercise the right to resell, provided by the

statute. In such case the court had no jurisdiction to order the sale. However, the sale is now an accomplished fact, and when the case goes back for further proceedings in the trial court, the issue will be as to whether or not the car was worth more than it sold for under the order of the court.

GIVENS, J., concurs.