(April 19, 1917.)

## G. A. PARKER and F. S. MARSHALL, Appellants, v. I. A. HERRON, Respondent.

[164 Pac. 1013.]

FRAUD—SCIENTER—EVIDENCE.

    1. The evidence in this case examined and *held* to be insufficient to sustain the allegations of the answer ·wherein fraud is charged.

    2. In order to establish fraud in a case of this kind it must be shown in addition to falsity of representations of a material fact, or facts, upon which the party to whom they were made innocently acted to his injury, that the party making them knew them to be false or that he made them recklessly, without knowledge of their truth or falsity.

    [As to what is sufficient proof of fraud, see note in 65 **Am. Dec.** 157.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Action upon promissory notes. Judgment for plaintiffs in the sum of one dollar; they appeal. *Reversed.*

A. W. Ostrom and George Herriott, for Appellants.

To constitute actionable fraud, each of the ·necessary elements must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery. (20 Cyc. 12, sec. A, and cases cited; *Brown v. Bledsoe,* 1 Ida. 746.)

A fraudulent intent is an essential element of every actionable fraud, and to support an action of deceit the existence of this intent must in some way be made manifest. (20 Cyc. 35, sec. 6, and cases cited; *Lewark v. Carter,* 117 Ind. 206, 10 Am. St. 40, 20 N. E. 119, 3 L. R. A. 440.)

C. M. Booth, for Respondent.

If the representation is made without belief in its truth, or made recklessly, without caring whether it be true or false, the representation may amount to fraud. (*Derry v. Peek,* L. R. 14 App. Cas. 337; *Eichelberger v. Mills Land etc. Co.,* 9 Cal. App. 628, 100 Pac. 117; *Hindman v. First Nat. Bank,* 112 Fed. 931, 50 C. C. A. 523, 57 L. R. A. 108; *Shackett v. Bickford,* 74 N. H. 57, 124 Am. St. 933, 65 Atl. 252, 7 L. R. A., N. S., 646; *Madden v. Caldwell Land Co.,* 16 Ida. 59, 67, 100 Pac. 358, 21 L. R. A., N. S., 332.)

MORGAN, J.—This action was commenced by appellants to recover the balance alleged to be due upon three promissory notes, for $400 each, given by respondent in payment for a second-hand gasoline engine, which he purchased from them for the purpose of furnishing power with which to operate a grain-separator.

Respondent, in his answer, admitted the execution of the notes, and that only the amount alleged in the complaint to have been paid thereon had been paid, but denied that any amount was due, and alleged that the machinery for which the notes were given was, by appellants, represented and described to him as being well built, properly adjusted and capable of performing the work for which it was intended; that by reason of these representations he bought the machinery giving therefor the notes above mentioned; that all the statements, representations and claims made by appellants to him regarding the machinery, as to the build, workmanship, adjustment and quality thereof, were false and fraudulent, and were known by appellants to be false and fraudulent at the time they were made; that such statements, representations and claims induced him to make, execute and deliver the notes set out in the complaint, and he claimed damages by reason of the alleged fraud of appellants in the transaction.

The case was tried by a jury, which returned a verdict in favor of appellants for the sum of one dollar. Judgment was thereupon entered, from which this appeal is prosecuted.

Appellants contend that the evidence is insufficient to establish the falsity of the representations relied upon by respondent.

The portion of the record tending to show that appellants, or either of them, made any representations whatever with respect to the engine is to be found in the testimony of respondent, and is as follows:

"Q. What did Mr. Marshall tell you, if anything, with reference to this engine, so far as its power and capacity was concerned?

"A. He told me it was a 20 horse-power gasoline traction engine and that the separator has a 28-inch cylinder.

"Q. What make of a separator was it?

"A. A Case.

"Q. You say that was a Case separator?

"A. Yes, sir.

"Q. Where did you buy the separator?

"A. From Parker and Marshall. Mr. Marshall was the agent and the man I done the business with.

"Q. Do you know whether or not, at the time you bought this engine, they knew you were buying it to run this separator?

"A. They certainly did; that is what I wanted; I wanted a complete outfit.

"Q. Now, at the time you bought the engine I will ask you to state whether or not Mr. Parker or Mr. Marshall told you anything as to whether or not this engine would successfully run this separator?

"A. That was my understanding, that it would. We had several talks over it; I forget how often we talked about it but it was some two or three times and he didn't say anything to the contrary, and of course we talked it over and I understood it was all right for that purpose.

"Q. You told him what you wanted with the engine, did you?

"A. Yes, sir."

While there is abundance of evidence tending to show that the engine failed, after respondent purchased it, to furnish

power sufficient to successfully run the separator, it will be observed that the testimony above quoted falls far short of sustaining the allegations of the answer to the effect that statements and representations were made by appellants that the engine was well built, properly adjusted and capable of performing the work for which it was intended. It is true respondent testified that himself and Mr. Marshall talked the matter over, and it was his understanding that the engine would do the work, but the evidence does not justify the conclusion that this understanding was produced by any statements or representations, false or otherwise, made to him. The only statement by Mr. Marshall which respondent attempted to quote, even in substance, is to the effect that it is a 20 horse-power gasoline traction engine, and there is nothing in the record to indicate that it is not. Upon the other hand, it is shown that the engine in question is rated by its manufacturers as of 20 horse-power, and the record discloses that while in possession of its former owner its work was entirely satisfactory and the power it developed was amply sufficient to run the separator.

If, by any stretch of the imagination, the conclusion could be reached from the evidence in this case that Marshall made representations to respondent which were untrue and which misled and deceived him into buying the engine, a material element of fraud, as the basis of an action or defense in a case of this kind, would still be lacking. In addition to the falsity of representations, it must be shown that the party making them knew them to be false or that he made them recklessly without knowledge of their truth or falsity. If he honestly believed the representations to be true and they were not recklessly made, then he is not liable for fraud. (20 Cyc. 24; *Security Savings Bank of Wellman v. Smith,* 144 Iowa, 203, 122 N. W. 825; *Curtley v. Security Savings Soc.,* 46 Wash. 50, 89 Pac. 180; *Wilde v. Oregon Trust etc. Bank,* 59 Or. 551, 117 Pac. 807; *Wann v. Northwestern Trust Co.,* 120 Minn. 493, 139 N. W. 1061; *Peters v. Lohman,* 171 Mo. App. 465, 156 S. W. 783.)

The evidence discloses that appellants, who are dealers in gasoline engines and accessories, during the fall of 1910 sold the engine to a Mr. Eveleth, who used it in connection with the separator, and that it gave entire satisfaction; that Marshall saw the engine while it was being so used; that Eveleth had trouble in meeting certain payments of the purchase price and consented that it be sold to respondent, who, at appellants' request, went to Eveleth's place, inspected the engine and thereafter bought it.

The burden of proof to show scienter was upon respondent. Not only has he offered no evidence tending to show that false statements were made with knowledge of their falsity, or with reckless disregard of what the facts might be, but the uncontradicted evidence indicates that appellants acted entirely in good faith; that the statement as to the horsepower of the engine was based upon the rating given it by its manufacturers, and it had been seen, by the man who made the representations, to do the class of work an engine of that capacity should do.

We do not desire to be understood to hold that it is necessary, in order to establish fraud, to show what was in the mind of a man, shown to have made misrepresentations of a material fact, at the time he made it. Circumstances inconsistent with an honest, reasonable belief in the truth of the statements, or indicating a reckless disregard for the truth, may be shown, from which a jury may conclude scienter, but in this case there is a total lack of such circumstances.

The necessity for proof of scienter distinguishes such an action as this from one for breach of warranty. (*Northwestern S. S. Co. v. Dexter Horton & Co.*, 29 Wash. 565, 70 Pac. 59.)

The judgment is reversed, with direction that a new trial be granted. Costs are awarded to appellants.

Budge, C. J., and Rice, J., concur.