(September 29, 1917.)

## J. A. JOHNSON, Respondent, v. C. E. HOLDERMAN and LENA O. HOLDERMAN, Appellants.

[167 Pac. 1030.]

FRAUD—MISREPRESENTATIONS—SCIENTER.

    1.  In an action based upon fraudulent representations it must be shown, among other things, that the party making them knew them to be false or that he made them recklessly without knowledge of their truth or falsity.

    2.  A representation believed on reasonable grounds, by the party making it, to be true, is not fraudulent.

    [As to the defendant's knowledge of the fallacy as essential condition to his being liable for fraud, see note in 18 Am. St. 559.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. James R. Bothwell, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

Guthrie & Bowen and John E. Davies, for Appellants.

A person may commit a fraud by asserting as a fact that which he merely believes. (20 Cyc. 19–27.)

He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is both in morality and in law guilty of falsehood, and must answer in damages. (*Munroe v. Pritchett*, 16 Ala. 785, 50 Am. Dec. 203; *Mayer v. Salazar*, 84 Cal. 646, 24 Pac. 597; *Lahay v. City Nat. Bank of Denver*, 15 Colo. 339, 22 Am. St. 407, 25 Pac. 704; *Stimson v. Helps*, 9 Colo. 33, 10 Pac. 290; *Goodale v. Middaugh*, 8 Colo. App. 223, 46 Pac. 11; *Kansas Ref. Co. v. Pert*, 3 Kan. App. 364, 42 Pac. 943; *Cawston v. Sturgis*, 29 Or. 331, 43 Pac. 656.)

It is not necessary that the speaker should actually know that his representation is false. If the statement is of a mat-

Opinion of the Court—Morgan, J.

ter susceptible of accurate knowledge and he makes it recklessly, without any knowledge of its truth or falsity, and in the form of a positive assertion calculated to convey the impression that he knows it to be true, the representation is equally fraudulent. (20 Cyc. 27; *Cawston v. Sturgis, supra.*)

E. A. Walters and Taylor Cummins, for Respondent.

If representations in regard to water supply had in fact been made, they would not be actionable, because they could have been nothing more than pure statements of opinion as to something that might transpire in the future. Further than that, the means of investigation were equally open to appellants, and they did in fact make independent investigations, the effect of which would be to completely relieve respondent from liability. (*Buschman v. Codd,* 52 Md. 202; *Robertson v. Parks,* 76 Md. 118, 24 Atl. 411; *Frenzel v. Miller,* 37 Ind. 1, 10 Am. Rep. 62; *Board of Commrs. of San Jose v. Younger,* 29 Cal. 172, 176; *Yeates v. Pryor,* 11 Ark. 58; *Brown v. Bledsoe,* 1 Ida. 746; *Leavitt v. Fletcher,* 60 N. H. 182; *Rockafellow v. Baker,* 41 Pa. St. 319, 80 Am. Dec. 624; *Slaughter v. Gerson,* 13 Wall. (80 U. S.) 379, 20 L. ed. 627; *Farnsworth v. Duffner,* 142 U. S. 43, 12 Sup. Ct. 164, 35 L. ed. 931; *Ludington v. Renick,* 7 W. Va. 273.)

In matters regarding the future, representations generally are not actionable. (*Sawyer v. Prickett,* 19 Wall. (86 U. S.) 146, 22 L. ed. 105; *Richardson v. Noble,* 77 Me. 390; *Vawter v. Ohio & M. R. Co.,* 14 Ind. 174; *Hawkins v. Campbell,* 6 Ark. 513; *St. Louis, I. M. & S. Ry. Co. v. Neely,* 63 Ark. 636, 40 S. W. 130, 37 L. R. A. 616; *Gallager v. Brunel,* 6 Cow. (N. Y.) 346, 347; *Saunders v. McClintock,* 46 Mo. App. 216.)

A statement that a dam will continue to furnish the amount of water conveyed to a vendee is a mere matter of opinion. (*Orr v. Goodloe,* 93 Va. 263, 24 S. E. 1014; *Moore v. Barksdale* (Va.), 25 S. E. 529.)

MORGAN, J.—This action was instituted by respondent to foreclose a mortgage given to secure the payment of

$1,450, being a part of the purchase price of certain Carey Act land, sold by respondent to appellants, situated in Twin Falls county. Appellants filed a cross-complaint alleging damage by reason of misrepresentations made by respondent, whereby they were induced to purchase the land and water rights appurtenant thereto. The misrepresentations complained of were to the effect that the water rights conveyed would insure a supply of water sufficient to properly irrigate the land and not less than one-half miner's inch per acre, continuous flow, from April 1st to November 1st, each year, or 2¾ acre-feet, annually, measured at or within one-half mile of the land; that the land could be well irrigated by conducting the water over it in ditches from one corner. Appellants claimed that the representations were false, in that the amount of water obtainable was far less than that represented and not sufficient to properly irrigate the land; that it could not be irrigated in the manner represented, and that, in order to get such water as could be procured upon the land, it was necessary for them to construct a large and expensive dike; that the representations were fraudulent for the reason that they were made by respondent recklessly, without knowledge of their truth or falsity.

The issues presented by the cross-complaint were submitted to a jury. Evidence concerning representations as to the manner in which the land could be irrigated was admitted. Evidence of representations as to the amount of water available was offered, but rejected. The jury found for appellants in the sum of $250, which was deducted from the amount found by the court to be due upon the indebtedness secured by the mortgage, and a decree of foreclosure was rendered from which this appeal was taken.

The question here involved is whether the court erred in rejecting appellants' offer to prove that prior to the sale and during the negotiations leading up to it, respondent represented that he had lived in the vicinity of the land for several years; was acquainted with conditions regarding the water supply upon the Salmon river tract, which included his land, and that appellants could rely upon receiving the

amount of water represented in the contracts appurtenant to it, being exhibits 1, 3, 4, 5 and 6; that under these contracts he was entitled to receive 2¾ acre-feet of water per annum, which would be an ample supply; that such representations were relied upon by appellants, but were false in that the water supply available was less than that set out in the contracts and was insufficient to furnish 3¾ acre-feet per annum, or any amount necessary to irrigate the land; that respondent did not have any knowledge of the truth or falsity of his representations at the time he made them.

The contracts, above mentioned, were offered in evidence and were rejected with the offer of proof. Exhibit No. 6 is an agreement between the state of Idaho and the irrigation company reciting, among other things, that the company bound itself to build a reservoir with a capacity of 180,000 acre-feet of water, which had been determined to be sufficient, with the normal flow of the Salmon river, to furnish 2¾ acre-feet per annum for the land to be irrigated; that the certificates of shares of stock to be issued to the settler should entitle him to a water right of 1/100 cubic-foot per second for each acre of land, and that the system should be constructed in such a manner as to insure delivery of such an amount. The other contracts were entered into between the owners of the land and the irrigation company, and provided, among other things, that the owner should receive 1/100 cubic-foot of water per second per acre. The evidence discloses the fact that at the time of the sale the land was in process of being prepared for irrigation, and that it had never been irrigated; also that appellants, at the time they purchased, knew this fact. The offer of proof was properly rejected.

To support an action based on a false representation, scienter must be proved, that is, the representation must have been false to the knowledge of the person who made it, or must have been made, as a positive assertion calculated to convey the impression that he had actual knowledge of its truth, when in fact he was conscious he had no such knowledge. If the speaker honestly believed his representation to be true, he is not liable; an honest mistake, or error in judg-

ment, being regarded as insufficient grounds on which to base a charge of fraud. (20 Cyc. 24.) It is true that if a representation is made recklessly, without any knowledge of its truth or falsity, an action will lie, but not where such representation is made in the belief that it is true and such belief is founded upon reasonable grounds. (*Parker v. Herron,* 30 Ida. 321, 164 Pac. 1013; *Farmers' Stock-Breeding Assn. v. Scott,* 53 Kan. 534, 36 Pac. 978; *Toner v. Meussdorffer,* 123 Cal. 462, 56 Pac. 39; *Hodgkins v. Dunham,* 10 Cal. App. 690, 103 Pac. 351; *Kountze v. Kennedy,* 147 N. Y. 124, 49 Am. St. 651, 41 N. E. 414, 29 L. R. A. 360; *Barker v. Scandinavian-American Bank* (Wash.), 166 Pac. 618.)

In their offer of proof appellants claimed that respondent had no knowledge of the truth or falsity of the representations when he made them, but the contracts offered in evidence disclose that he had reasonable grounds to believe the representations were true. The irrigation company had contracted to build a reservoir which, with the natural flow of the Salmon river, would contain water sufficient to furnish $2\frac{3}{4}$ acre-feet, the amount alleged to have been represented by him to be available. The contract with the state also bound the company to construct works sufficient to deliver 1/100 cubic-foot per acre per second to the settlers, while the contract between the owner of the land and the company called for the last-mentioned amount of water. Knowing these facts, respondent had reasonable grounds for a belief in the truth of his representations, and appellants did not prove, or offer to prove, that a shortage of water had been discovered up to that time, or that he did not believe the representations to be true, or that he knew of anything, or could have known of anything, inconsistent with a belief in their truth.

The judgment is affirmed and costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.