(March 15, 1920.)

## EDWARD T. HOAGLAND and SARAH E. HOAGLAND, Appellants, v. A. F. GARRISON and BLANCHE M. GARRISON, His Wife, Respondents.

[188 Pac. 42.]

FRAUD—MISREPRESENTATION—SCIENTER.

> In order for plaintiff to recover in an action based on alleged fraudulent representations it must be shown, among other things, that the party making them knew them to be false or that he made them recklessly without knowledge of their truth or falsity.

> [As to liability of vendor of realty for false representations innocently made, see note in **Ann. Cas.** 1913C, 63.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for damages and upon contract to pay an amount equal to a portion of certain indebtedness secured by mortgage. Judgment for defendants. *Affirmed.*

Harry S. Kessler, for Appellants, cites no authorities.

Griffiths & Griffiths, for Respondents.

"False representations as to the condition, situation, and value of real estate knowingly made by the vendor to the purchaser are not actionable unless the purchaser has been fraudulently induced to forbear inquiry as to their truth, and in such case the means by which he has been thus induced to forbear inquiry must be specifically set forth in the declaration." (*Brown v. Bledsoe,* 1 Ida. 746; 20 Cyclopedia of Law & Procedure, 49; *Andrus v. St. Louis Smelting etc. Co.,* 130 U. S. 643, 9 Sup. Ct. 645, 32 L. Ed. 1054, see, also, Rose's

On the question of statements made without knowledge of their falsity as ground for action for fraud, see note in 18 **L. R. A., N. S.,** 379.

U. S. Notes; *Davidson v. Jordan,* 47 Cal. 351; *Clarke v. Baird,* 7 Barb. (N. Y.) 64, 66.)

MORGAN, C. J.—Appellants commenced this action to recover $715.35, which they claim is due them as a result of an exchange of real estate with respondents.

The first cause of action is based on fraud in that, it is alleged, respondents represented to appellants that the unpaid principal of the indebtedness secured by two mortgages on a portion of the property, which was traded to them subject to the encumbrance, was approximately $4,500 when, in fact, it was $5,215.35. The second cause of action is based on an alleged promise by respondents to pay to appellants any sum secured by the mortgages in excess of $4,500.

These mortgages were made by respondents' predecessor in interest. One of them was given to secure the payment of $4,500, the other to secure the payment of $1,000 and the indebtedness, so secured, was payable, principal and interest, in 120 monthly instalments of $77 each, 18 of which had been paid at the time of the trade. Respondents had a pass-book in which the payments made were credited, and while it was a task which presented some difficulties, to one not an accountant, to compute the amount of unpaid principal, it was possible to ascertain what it was by computation from information obtainable from the pass-book and the mortgages, which were of record, and it was so computed and shown to have been $5,215.35 at the time the representation complained of was made.

The evidence discloses that in conversations leading up to the trade respondent, A. F. Garrison, stated to a son of appellants, who was acting for them, and to appellant, Edward T. Hoagland, that he did not know exactly how much of the indebtedness remained unpaid and that he was unable to compute it, but that it was about $4,500.

In a written contract entered into between the parties preliminary to the exchange it was recited that the property in question was to be conveyed subject to mortgage of about $4,500 and in the deed the conveyance was made "subject

to two mortgages dated May 21st, 1912, and August 6th, 1912, respectively, and recorded in the records of county recorder of Ada Co., Idaho, and running to the Pacific States Savings and Loan Co., a corporation, for the principal sum approximately $4,500.''

The evidence leaves no room to doubt that Garrison told Hoagland and his son the amount of the monthly payments and the number of them which remained unpaid; that he delivered the pass-book to appellants and, in fact, gave them all the information he had on the subject and that they understood his statement as to the amount remaining unpaid was an estimate. There is no evidence which would justify the conclusion that he acted dishonestly in the matter or that he made the representations with reckless disregard of what the truth might be.

In this case, as in case of *Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013, it may be said: ''In addition to the falsity of representations, it must be shown that the party making them knew them to be false or that he made them recklessly without knowledge of their truth or falsity. If he honestly believed the representations to be true and they were not recklessly made, then he is not liable for fraud.'' (See, also, *Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030.)

While there is slight conflict in the testimony, the evidence is ample to sustain the findings of the trial court in favor of respondents on each cause of action.

The judgment is affirmed. Costs are awarded to respondents.

Rice and Budge, JJ., concur.