(No. 5135. April 4, 1929.)

JOHN SMITH and J. CLARK ESTES, Copartners Doing Business Under the Firm Name and Style of WM. R. SMITH & SONS, Respondents, v. S. R. JOHNSON, Appellant.

[276 Pac. 320.]

Harmon E. Hosier and Walters, Parry & Thoman, for Appellant.

Chas. A. North and Ray Agee, for Respondents.

BUDGE, C. J.—Respondents instituted this action against appellant to recover $556.60, alleged to be due as a commission on the sale of a number of sheep to appellant. The cause was tried to the court and jury, and at the close of the evidence the court instructed· the jury, on motion of respondents, to return a verdict in favor of respondents for the amount claimed. The appeal is from the judgment entered on the verdict so returned, appellant contending that in directing a verdict for respondents the trial court took from the jury questions of fact which appellant was entitled to have decided by a jury and not by the court.

Respondents are partners, engaged in buying and selling sheep on commission, with offices in Chicago, Omaha and Denver. Appellant resides at Rupert, and is also engaged in the business of buying and selling sheep. On August 15, 1923, an employee of appellant was in the Denver office of respondents and overheard a conversation regarding some 11,000 lambs which respondents had listed for sale. He wired this information to appellant who commenced negotiations with respondents for the purchase of the lambs. The negotiations were carried forward by telegraph and telephone conversations between appellant at Rupert and an agent of respondents at Denver, and culminated in a deal whereby appellant purchased the lambs at Dillon, Montana, upon an advance to the owners of $1 per head and an agreement with respondents to share a commission of 10 cents per head. There was some discussion in the negotiations had between appellant and respondents as to the weight of the lambs, appellant stating in a telegram to respondents that the parties to whom he expected to turn the lambs "want weight not over seventy-five pounds," and respondents advising him, "our party thinks lambs will weigh around seventy-five . . . . may weigh one pound more." The lambs were at Dillon, Montana, and appellant went there to complete the contract of purchase and take possession of the lambs. Appellant was still somewhat concerned as to the weight of the lambs when he went to Dillon, and discussed the matter with the party from whom they were pur-

chased, having a provision put in the written contract that they were not to weigh over seventy-five or seventy-six pounds each. When the lambs were delivered they were found to average a fraction over eighty pounds per head. They were, however, accepted by appellant who later disposed of them at an advance over what he had paid for them.

The transaction was not such a one as required respondents to comply with the provisions of Sess. Laws 1921, chap. 212, p. 424, and comes within the rule announced in *Pacific States A. F. Corp. v. Addison,* 45 Ida. 270, 261 Pac. 683, as an interstate transaction.

The chief ground of resistance to respondents' claim was that the weight of the lambs was misrepresented to appellant. It is a rule well settled that fraud is never presumed, but must be alleged and proved by clear and convincing evidence. Tested by this rule, appellant's pleading and proof fall short of what is required to establish actionable fraud. There is nothing to show that respondents' agent knew the lambs in question weighed more than seventy-five or seventy-six pounds, or that he was culpably ignorant of that fact, as to which appellant had the burden of proof. (*Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013.) Appellant knew the lambs were not in possession of respondents, and we think the evidence fairly shows that the agent representing respondents in the transaction with appellant was honestly of the opinion that the lambs were of the weight desired by appellant.

"A representation which is expressed and understood as nothing more than a statement of opinion cannot constitute fraud, and this is especially true where the opinion expressed is honestly entertained. To be actionable, a false representation must be one of fact as distinguished from an expression of opinion which ordinarily is not presumed to deceive or mislead, or to influence the judgment of the hearer, and upon which he has no right to rely." (26 C. J., p. 1079 et seq., sec. 20.)

Appellant indicated in his testimony that he thought the lambs might be overweight when he went to Dillon to com-

plete the contract for their purchase, and, after arriving on the ground, talked the matter over with one of the owners. Clearly, he was not relying upon the statement of the agent for respondents as to what the latter understood the weight of the lambs to be, and appellant entered into the written contract for their purchase only after he had made an independent investigation as to this phase of the matter. Having gone to the place nearest which the lambs were ranging, appellant had the better opportunity to acquire such knowledge. In *Breshears et al. v. Callender*, 23 Ida. 348, 367, 131 Pac. 15, this court said of a similar situation:

"There is no conflict whatever in the evidence when taken as a whole that the plaintiffs did not rely upon such representations as the inducement which lead them to enter into the contract, and that the plaintiffs relied upon their own investigation of the conditions and validity of the bonds and did not rely upon such representations with relation to the interest. There was no silence or concealment shown by the defendant, and when all the evidence is considered the essential elements of actionable fraud have not been shown, as the purchasers had equal and available means and opportunity for the information and obtained all the information they desired, and if the means of information are alike accessible to plaintiffs as well as defendant, so that with ordinary prudence, or diligence the parties might rely upon their own judgment, they must be presumed to have done so."

There is no proof that appellant was damaged; on the contrary the record shows that he made a profit on the transaction. It is the rule in this state that in order to show damage from fraud, the purchaser of property must show that *the property he obtained* was of less value than the price paid for it. (*Smith v. Neeley*, 39 Ida. 812, 231 Pac. 105, and cases cited.) Under this rule, together with the fact that no damage was alleged and that the proposed amendment to appellant's answer set up purported facts within the knowledge of appellant at the time of the com-

mencement of the action (see *Farmers etc. Bank v. Gallaher Inv. Co.*, 43 Ida. 496, 253 Pac. 383), there was and could have been no showing by appellant that the property he obtained was of less value than the price he paid for it.

We are of the opinion that the trial court was justified in directing a verdict for respondents. The judgment is therefore affirmed. Costs to respondents.

Givens and Wm. E. Lee, JJ., and Adair and Baker, D.JJ., concur.

Petition for rehearing denied.