(No. 5785. April 1, 1932.)

[11 Pac. (2d) 966.]

J. I. CASE COMPANY, a Corporation, Appellant, v. A. J. BIRD and T. O. BIRD, Respondents.

H. R. Turner, for Appellant.

W. A. Ricks, for Respondents.

LEEPER, J.—This is an action instituted by plaintiff to recover upon two promissory notes given in payment for a threshing-machine purchased by defendants from plaintiff, and to foreclose a chattel mortgage upon the machine. Defendants cross-complained upon the ground of fraud and prayed for a rescission. The case was tried to a jury in an advisory capacity, which found generally for the defendant and answered special interrogatories covering practically every disputed question of fact involved in the litigation. The court adopted the findings of the jury and entered a judgment in favor of the defendants, from which this appeal is taken.

The representations relied upon by defendants were, as found by the court and jury, made by two sales agents of the plaintiff and were to the effect that the machine purchased by defendants was "exactly like Orvill Jeppson's." It appears that Orvill Jeppson was a neighbor in whose judgment these defendants had great confidence, and who had shortly before purchased a 1928 model of the machine sold by plaintiff. All disputed questions of fact were resolved against the plaintiff by the jury, which found specifically that the representation was made as charged; that defendants believed them and relied upon them; that they would not have made the purchase otherwise; that the representation was false and there was a material and substantial difference between the harvester purchased and that owned by Orvill Jeppson; that plaintiff's agents knew that their

representation was false and made it for the purpose of deceiving defendants; that defendants did not discover the falsity of the representation until on or about August 25, 1928, some time after it was received and promptly after such discovery offered to return the machine to plaintiff; and that defendants did not know of the falsity of the representation when they signed the notes and mortgage and accepted delivery of the machine. The court made similar findings of fact. Thus every element of fraud was found to exist by both the court and jury. (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175; *Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013; *Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030; 26 C. J. 1062, sec. 6.)

The first objection raised by the appellant, which is presented by assignments charging error as to the admission of evidence and entry of findings, is that defendant is precluded from urging fraud because of restrictions in the contract against warranties and representations other than as specifically set forth therein. We have carefully examined the record in this case and find nothing to distinguish it in principle on this point from *Advance-Rumely Thresher Co., Inc., v. Jacobs, ante,* p. 160, 4 Pac. (2d) 657, to which we refer for a full discussion of the law relative to this contention. Suffice it to quote here: "If a contract is induced by fraud, whether the fraud enters into the execution of the contract or is antecedent to it, the contract cannot stand regardless of any stipulation to the contrary contained in the contract. . . . . " The case of *Pacific States Automotive Finance Corp. v. Addison,* 45 Ida. 270, 261 Pac. 683, adverted to by counsel for appellant, is sufficiently distinguished in the opinion on rehearing in the Advance-Rumely case, cited above.

Appellant also contends that defendants are bound by that clause in the contract which provides that "No salesman . . . . has any authority to waive, alter or enlarge this contract or to make any new or substituted or different

contract, representations or warranty," and "Salesmen
. . . . are not authorized to bind the company by any act,
contract or statement." Appellant's position is that the
plaintiff in the absence of actual knowledge cannot be
charged with the misrepresentations of its salesmen, in view
of the existence of this stipulation, and defendants having
read and signed the contract as written. In the Advance-
Rumely case, it appears that the misrepresentations were
made by agents of the company, but the opinion does
not disclose that this particular question arose or was con-
sidered in that action. There is no substantial difference
in principle between the clause that no representations have
been made other than those embodied in the contract, and
the one to the effect that no salesman has the right to make
such representations.

A principal who retains benefits derived from the
fraudulent conduct of his agent is chargeable with the
instrumentality employed by the latter in carrying out
the fraudulent purpose, even though the principal did not
know in fact of or authorize their commission or forbade or
disapproved them, and will not be permitted to disclaim
the responsibility and retain the fruits of the fraudulent
transaction in an action brought by the aggrieved party to
rescind the contract. (*Davenport v. Burke*, 30 Ida. 599,
167 Pac. 481; *Shake v. Payette Valley Produce Exch.*, 42
Ida. 403, 245 Pac. 683.)

Appellant asserts that it is relieved of this liability
by the inclusion of the clause in the contract which limits
the power of its agents to make representations other than
specified therein. This particular question was squarely
passed upon by the supreme court of Oregon in the case of
*Sharkey v. Burlingame Co.*, 131 Or. 185, 282 Pac. 546, and
those parts of that opinion which were approved and fol-
lowed by this court in the Advance-Rumely case have
specific reference to a contract containing a provision sub-
stantially identical with the one now being considered. The
court there said:

"We think the effect of this stipulation was to attempt to relieve the defendant from liability for the misrepresentations of its agents inducing plaintiff to enter into the contracts and that such a stipulation is unenforceable because against public policy, that the fraud complained of vitiates the entire transaction and that the introduction of parol testimony of the fraudulent representations was admissible."

This appears to be the rule prevailing in a majority of the states. Our decision in the Advance-Rumely case being so closely analogous in every particular, and being based to a considerable extent upon *Sharkey v. Burlingame Company, supra*, we deem it decisive as against this latter contention of appellant. We cannot concede the suggestion of counsel for appellant that the adoption of this rule works any particular hardship upon appellant. Did we hold otherwise, the effect would be to permit a principal to profit by the wrongdoing of its own agents. Whether appellant be actually innocent or not, the respondents are justly entitled to a rescission, which is all they ask and all they were awarded. Employers must assume responsibility for the acts of their agents when they adopt and seek to enforce a contract obtained by the agent's fraud.

■■ Appellant further contends that, even if the contract is void, the respondents were required to return or offer to return the machine to the plaintiff before they would be entitled to prevail, and that they have not done so. The defendants testified that they offered to return the machine to the same agents who sold it to them, and that the latter directed them to put it in a shed on a neighboring farm, which was done. It also appears that McKinley, another sales agent of appellant, thereafter authorized the removal of certain parts from the machine by a third person and to that extent asserted dominion over it. The jury and the court found upon conflicting testimony that the defendants returned and offered to return the machine. Homer and Johnson were the agents of appellant, and they had sold the machine and were the only representatives of

the company with whom defendants had dealt. Defendants returned the machine to them as such representatives and did as they were told to do by them. Conceding the rule, in our opinion the evidence is sufficient to sustain the finding. A return or tender to a seller's agent who negotiated the sale is sufficient, particularly where he continues to represent the seller. (*Couch v. O'Brien*, 41 Okl. 76, 136 Pac. 1088; *Parsons Band-Cutter & Self-Feeder Co. v. Mallinger*, 122 Iowa, 703, 98 N. W. 580.)

Upon the argument, counsel for appellant called to our attention C. S., sec. 5686 (Uniform Sales Act, sec. 14), which provides: "Where there is a contract to sell, or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description . . . . ," and urged that this was a sale by description and that respondent's action was for breach of the implied warranty. In so doing he assumed that the remedies were mutually exclusive, which is not so. Statements of description which might constitute an implied warranty may, if they antedate the contract and the element of fraud is added, constitute fraudulent misrepresentations and give rise to an action for rescission.

"A false warranty and a false representation are not the same thing, to be sure, but both may be developed from the same affirmation. *Caldbeck v. Simonton*, 82 Vt. 69, 71 Atl. 881, 20 L. R. A., N. S., 844. Whenever a false statement, though in the form of a warranty, is made with the intent that it be accepted and relied upon as an assertion of fact, it may be made the basis of an action for false representation." (*Niles v. Danforth*, 97 Vt. 88, 122 Atl. 498, 501.)

See, also, *Barfield v. Farkas*, 40 Ga. App. 559, 150 S. E. 600; *Morton v. Tharpe & Co.*, 41 Ga. App. 788, 154 S. E. 716; *Martin v. Shoub*, 62 Ind. App. 586, 113 N. E. 384; *Sockman v. Keim*, 19 N. D. 317, 124 N. W. 64; *Barthelemy v. Foley Elevator Co.*, 141 Minn. 423, 170 N. W. 513;

*Barnard v. Napier,* 167 Ky. 824, 181 S. W. 624; *Bolt v. State Savings Bank,* (Tex. Civ. App.) 179 S. W. 1119.

There being no error, the judgment is affirmed. Costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.

Petition for rehearing denied.