(No. 6341.   July 9, 1936.)

EDWARD H. BERG and ANNA C. BERG, Husband and
Wife, Respondents, v. LEW AUMOCK, Appellant.

[59 Pac. (2d) 726.]

Whitla & Knudson, for Respondents.

BUDGE, J.—This action arises out of a written contract for the purchase by respondents Berg from appellant of 20 mink at the price of $1,625, and for the bailment of the same to appellant for a term of two years. The contract, dated September 18, 1929, contains the following material provisions:

"It is agreed and understood that the party of the first part (appellant) will ranch said minks on his fur farm, known as Pine Woods Fur Farms, near Twin Lakes, Idaho, on the following terms:

"Party of the first part (appellant) will feed and care for said minks and their offspring without charge of any kind, except a share of the increase from each pair as follows:

"At option of second parties, (respondents) to be exercised by July 31st, either one-half of the progeny to be accounted for and divided on the first of September each year, and removed by second party (respondents) or first party (appellant) to have two-thirds of progeny on condition that first party (appellant) will sell the other third of the progeny at market price for breeding stock, after July 31st and during the year.

"The term of this contract is two years for the original ten (10) pair. *In case the second parties* (respondents) *decide to sell the original ten (10) pair, the first party* (appellant) *agrees to buy at the original purchase price paid by second parties* (respondents), *at the end of term of this contract."*

Respondents did not exercise the option to claim one-half of the mink and appellant never complied with the provisions of the contract to sell the young and account to re-

spondents therefor. The complaint set forth the making of the contract and recites that in the month of June, 1931, and on several subsequent dates, respondents notified appellant that they would exercise their option in regard to resale "and required defendant to repurchase said original twenty (20) minks; that defendant agreed to do so by the 18th of September, 1931, but has failed and neglected to do so." By his second amended answer and cross-complaint appellant alleged that respondents elected to take one-half of the increase of the original 20 mink and forced and compelled appellant to feed, board and take care thereof, and prays for judgment in the amount of $6,000 for feeding and care. The cause was tried to the court and a jury and resulted in a verdict and judgment in favor of respondents for $1,625, with interest thereon at 6% from September 18, 1931, the repurchase price for the original 20 mink.

Appellant specifies ten assignments of error upon this appeal. It is urged that it was error to give instructions 1 to 8, inclusive, and instruction number 11; to refuse each of appellant's requested instructions; to deny appellant's motion for nonsuit; that the verdict is against the law and evidence; that the complaint and evidence do not support the verdict, nor the instructions to the jury and that appellant, by the instructions, was denied a fair and impartial trial. The argument on these assignments, and likewise all errors assigned by appellant, is that the action was one for damages only and not for recovery of the repurchase price and that the instructions misinterpret the action as being one for the repurchase price of the mink and misinformed the jury.

The complaint after alleging the making and entering into of the contract sets forth considerable additional matter and as heretofore recited alleges that respondents in June, 1931, and on several subsequent dates notified appellant and required him to repurchase said original 20 mink and that appellant agreed to do so by September 18, 1931, but has failed and neglected to do so. The complaint further alleges:

"That the defendant has breached said contract in failing to repurchase said original minks and has breached said

contract in failing and refusing to account for their increase or to account for the proceeds of sale of the increase if sold by him.''

The prayer of the complaint is as follows:

''1. That plaintiffs have judgment against said defendant for the sum of One Thousand *Five* hundred Twenty-five ($1,625.00) with legal interest from September 18, 1931, on account of defendant's breach of the contract to repurchase twenty (20) minks described in the contract herein set forth.

''2. That defendant be required to account to plaintiffs for one-third of all the increase of said twenty (20) original minks described in said contract and that plaintiffs have judgment against defendant for the amount thereof. . . . . ''

The entering into of the contract is admitted by appellant in his second amended answer and cross-complaint. It clearly appears from the complaint that respondents' cause of action sought recovery of the repurchase price for the failure of appellant to repurchase the mink under the terms contained in the contract. The questioned instructions are based upon the proposition that the complaint states a cause of action for the repurchase price of the mink and advised the jury of the provisions of the contract. The jury was advised that under the contract appellant agreed to repurchase the mink at the end of the term, that respondents claim they decided to sell the mink and notified the appellant thereof both verbally and in writing, and that if the jury found that such notice was given then respondents were entitled to recover from appellant $1,625, with interest at 6% per annum. We are of the opinion that the instructions complained of were not erroneous.

There is evidence of oral and later written notification that respondents required appellant to repurchase the mink under the terms of the contract. Respondents' Exhibit ''B,'' a letter from appellant to respondent Edw. H. Berg, dated June 29, 1931, contains the following:

''By the way, just what was that proposition you told me about the other day when you was here in regard to your mink deal? Please drop me a line and state what it was so that I can plan accordingly.''

Respondents' Exhibit ''C,'' the reply of respondent Edw. H. Berg to appellant, contains the following:

''Regarding the proposition I stated in regard to the minks it was this: I am obliged to exercise the option in the contract to resell to you the old minks at the price we paid, $1,625.00. I stated that when you repurchased if you pay us 8% interest on this $1625.00 we will accept the same in full settlement of the mink deal and all the young minks as well as the old minks repurchased will be yours.''

There is evidence also of a still later notification that respondents required and expected appellant to repurchase the mink. There is no merit in appellant's contention that Anna C. Berg did not join in the demand that appellant repurchase the mink. Appellant alleged in his second amended answer and cross-complaint:

''that the said Anna C. Berg was at all of said times the owner in her separate right and as her separate property of all of the said mink, or a substantial portion thereof, and that at all of said times Edward H. Berg was her duly authorized agent, empowered by her to enter into contracts and agreements of and concerning the said mink and to have the care and custody thereof, and that the things done and performed by the said Edward H. Berg, as hereinafter set forth, were so done and performed by him for himself and for and on behalf of the separate interests of his said wife; that all acts performed by the said Edward H. Berg, in behalf of Anna C. Berg, his wife, with reference to said mink, inured to the benefit of the separate estate of the said Anna C. Berg.

If for no other reason, appellant is estopped by his allegations from urging that a separate demand by Anna C. Berg was necessary. There was sufficient competent evidence to support the conclusion that respondents made demand that the mink be repurchased by appellant in accordance with the terms of the contract.

■ There is no merit in appellant's assignment of error that the court erred in admitting respondents' Exhibit ''C,'' referred to above, upon the theory that it was an offer of compromise and further that respondents could only give

notice that they had decided to sell to appellant the original ten pair of mink on the last day of the term of the contract, namely September 18, 1931.

■■ It is urged that the court erred in allowing, on plea of typographical error, that the prayer of the complaint be amended to indicate $1,625, instead of $1,525, in the paragraph heretofore set forth. It would appear quite clearly that such was a typographical error inasmuch as the same paragraph contains in the figures the sum of ''$1,625.00,'' while the writing immediately preceding it recites ''One Thousand *Five* hundred Twenty-five.'' The prayer is no part of the complaint. Appellant answered the complaint denying the above allegations, the issue was presented to the jury and decided in respondents' favor and the relief granted falls within I. C. A., sec. 7–7704.

■ Appellant's assignment of error that the court erred in rejecting his exhibits 4, 5 and 6 is not argued in the briefs and there are no authorities cited thereon and the same will not be considered.

To our mind that part of the contract now under consideration is not ambiguous or uncertain and is subject to no other logical construction than that given it by the lower court. Appellant sold to respondents 10 pair of mink for $1,625. Appellant was to feed and care for the mink and their offspring without charge, excepting a share of the increase. Respondents had the option, to be exercised by July 31st each year, to accept one-half of the progeny, to be accounted for and divided on the first day of September each year, or if respondents failed to exercise their option appellant was to have two-thirds of the progeny and sell the other one-third at the market price for breeding stock after July 31st and during the year. Respondents had the option under the contract to call upon appellant to repurchase for $1,625, the price paid, the original 10 pair of mink. Respondents received no part of the progeny and made demand under the terms of the contract that appellant repurchase the original 10 pair and pay to them the agreed price of $1,625. The jury disregarded that part of the contract providing that respondents were to receive either

one-half the progeny or sell the one-third of the progeny at the market price for breeding stock and awarded judgment only for the repurchase price, $1,625, which appellant under the terms of the contract agreed to pay to respondents. It seems that the cause was tried on the correct theory and the jury was properly instructed. We are unable to find any logical or just reason why the judgment should not be affirmed.

The judgment is affirmed. Costs awarded to respondents.

Givens, C. J., and Morgan and Holden, JJ., concur.

Ailshie, J., did not sit at the hearing and took no part in the decision of this case.