(No. 6651.   May 11, 1939.)

HYRUM F. LOTT and GLENDORA LOTT, His Wife, Appellants, v. LYMAN TAYLOR, Jr., and RACHEL S. TAYLOR, His Wife, Respondents.

[90 Pac. (2d) 975.]

Wm. P. Hemminger and O. A. Johannesen for Appellants.

C. A. Bandel for Respondents.

GIVENS, J.—March 31, 1937, appellants contracted to purchase from respondents certain described real property in Jefferson county, together with one hundred fifty inches of water appurtenant thereto. In October, that year, appellants notified respondents they desired to rescind, claiming they had been defrauded as to the amount of land under cultivation and its freedom from morning glory and Canadian thistle. Upon respondents' refusal to rescind appellants instituted this action for rescission resulting, after a trial before the court without a jury, in judgment for respondents rendered by the trial court on these findings:

"VI

"The court further finds from the evidence that the defendants did not represent to the plaintiffs that there was only one-fourth of an acre of morning glory or other noxious weeds upon the above described land, and in this connection the court finds that the plaintiffs were well informed be-

fore the said contract dated March 31st, 1937, was entered into that there was considerable morning glory and some other noxious weeds on the above described premises and plaintiffs failed to make any further investigation as to the quantity of lands so infested with noxious weeds after being so informed prior to the making of said contract dated March 31, 1937.

"VII

"The court further finds that it was not represented to the plaintiffs by the defendants, or by anyone in behalf of said defendants, that there were 60 acres of cultivated land on the above described premises, it having been represented that there were about 60 acres of land in cultivation and that it appears from the evidence that there is a little in excess of 52 acres of land cultivated upon said premises, and that there are approximately 6 acres of additional land upon said premises that can be placed under cultivation.

"VIII

"The court further finds that there is no evidence in the record of this case wherein it has been shown that the plaintiffs have suffered any damage or injury by reason of any statements or representations which may have been made to said plaintiffs by the defendants or by anyone in behalf of said defendants. The court finds that the plaintiffs have failed to prove by clear and convincing evidence the material allegations of the amended complaint."

Fraud will not be presumed and appellants had the burden of establishing all the elements of the fraud alleged by clear and convincing evidence. (*Fehr v. Haworth,* 33 Ida. 96, 190 Pac. 248; *Crumpacker v. Bank of Washington County,* 38 Ida. 534, 223 Pac. 229; *Smith v. Thomas,* 42 Ida. 375, 245 Pac. 399; *Smith v. Johnson,* 47 Ida. 468, 276 Pac. 320.)

Mr. Elser, a prior tenant on the land, testified he told appellants there was some weed infestation but did not state a definite amount and that in answer to appellants' inquiry as to what was the matter with the place he answered "nothing except the morning glory." Other witnesses whom appellants knew were well acquainted with the land, informed him there was a considerable quantity of

morning glory on it. Likewise there is evidence to the effect that neither respondents or their agents made positive statements as to the exact amount of land having weed infestation or the exact amount of land under cultivation. There is a dispute as to the amount which had been cultivated, varying from 42 to 53 acres, with testimony that an additional 6 acres could be cultivated and irrigated. Appellants contended it was positively stated there were 60 acres under cultivation. Respondent Taylor testified, and there is no contradiction of his testimony, that he personally had never farmed the land and did not know the amount cultivated.

While there was snow on the ground in March when appellants looked at the property, making such inspection ineffective so far as the dispute involved herein is concerned, (*Baylies v. Vanden Boom,* 40 Wyo. 411, 278 Pac. 551, 70 A. L. R. 924) and while there is a sharp conflict in the evidence as to the extent of appellants' investigation there is ample evidence to support the trial court's findings and conclusions that actionable false statements were not made and that appellants were so informed that they were put upon notice and in fact did not rely on the representations of respondents or their agents.

Thus the facts and circumstances herein are sufficiently like those in *Breshears v. Callender,* 23 Ida. 348, 367, 131 Pac. 15, to make applicable the ruling therein, substantially confirmed in *Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030; *Hoagland v. Garrison,* 32 Ida. 746, 188 Pac. 42; *Smith v. Johnson,* 47 Ida. 468, 276 Pac. 320; *Baylies v. Vanden Boom, supra;* annotation 70 A. L. R. 942, further supported by the note in 61 A. L. R. 495, which latter cases, though involving personal property, announce a rule equally applicable to real property and sustain the judgment herein.

Appellants assign as error the refusal to admit in evidence a broker's listing card. The briefs neither cite authorities nor argue this assignment which will therefore not be considered. (*Berg v. Aumock,* 56 Ida. 798, 59 Pac. (2d) 726; *State v. Richardson,* 56 Ida. 150, 50 Pac. (2d) 1012; *Harp v. Stonebraker,* 57 Ida. 434, 65 Pac. (2d) 766; *Merchants' Trust Co. v. Davis,* 49 Ida. 494, 290 Pac. 383;

*Nash v. Meyer,* 54 Ida. 283, 31 Pac. (2d) 273; *Winton Lumber Co. v. Kootenai County,* 53 Ida. 539, 26 Pac. (2d) 124; *Crowley v. Idaho Industrial Training School,* 53 Ida. 606 26 Pac. (2d) 180.)

The judgment is *affirmed.* Costs to respondents.

Ailshie, C. J., and Budge, Morgan and Holden, JJ., concur.