295 P.2d 265

**J. Arlo SUMMERS and Lois A. Summers, husband and wife, Plaintiffs-Respondents,**

**v.**

**J. P. MARTIN and Grace Martin, husband and wife, Defendants-Appellants.**

No. 8357.

Supreme Court of Idaho.

March 23, 1956.

Branch Bird, Cecil D. Hobdey, Gooding, for respondents.

Rayborn, Rayborn & Kramer, Twin Falls, for appellants.

472

SMITH, Justice.

April 3, 1954, the parties entered into a contract in writing whereby appellants contracted to sell and convey to respondents and respondents agreed to purchase from appellants certain farm property situate in Gooding County, Idaho. Respondents, as a part of the purchase price, agreed to convey to appellants certain farm property situate in the State of Utah. The parties placed a valuation upon each of the properties and each party assumed and agreed to pay certain mortgage indebtedness. Respondents agreed to pay a balance owing on the purchase price of the Gooding County property, in annual installments with interest over a period of years.

Respondents grounded their action for rescission upon alleged false representations of appellants to the effect that the Gooding County property included 235 acres of irrigated land, and also included a certain area, extending through a section of land, known as Dry Creek Canyon. Respondents alleged the falsity and materiality of such representations, made for the purpose of inducing them to purchase the property, which they believed to be true and that in reliance thereon they executed the contract to their injury, and made conveyance of their Utah real property to appellants as their first payment under the contract.

Respondents prayed that the contract be rescinded, the Utah property be restored to them and that the Gooding County property be restored to appellants. The trial court restrained appellants from conveying the Utah property during pendency of the action.

Appellants' answer generally denied the allegations of respondents' complaint and set out certain affirmative defenses.

The action was tried before the court with a jury sitting in an advisory capacity. The jury answered certain interrogatories submitted, which answers in the main favored respondents. The trial court ratified, confirmed and adopted the findings of the jury and consonant therewith made findings of fact and conclusions of law. The judgment restored the Utah property to respondents and the Idaho property to appellants, and directed that respondents pay appellants the sum of $34. The amount of the judgment constituted the balance remaining after adjusting the equities between the parties, such as reasonable cash rental of each property, and the reasonable value of respondents' improvements to the Idaho property. Appellants perfected appeal from the judgment.

■ Appellants' brief does not contain a distinct enumeration of assignments of error as required by Rule 41 of the Supreme Court. Appellants have fully presented their contentions; therefore we shall consider the same. Lawyer v. Sams, 72 Idaho 101, 237 P.2d 606.

Appellants contend that the action commenced in Gooding County attempts a determination of title to real property situate in the State of Utah, beyond the jurisdiction of the trial court. That contention is directed at the portion of the judgment which requires appellants to execute and deliver to respondents a good and sufficient deed conveying the title to the Utah farm property to respondents.

■ This is an action grounded in equity. The trial court had jurisdiction of the persons of both appellants and respondents. The court in the exercise of its inherent powers had jurisdiction to grant equitable relief, although such relief indirectly affected the title to lands without the territorial limits of the court's conventional jurisdiction, consonant with the principle that in equity the primary decree acts in personam and not in rem. The portion of the decree referred to is based upon the rule, "Equity acts *in personam*." Radermacher v. Radermacher, 61 Idaho 261, 100 P.2d 955, 957.

A court, in the exercise of its equity jurisdiction, may order another party who is subject to its jurisdiction to execute and deliver an instrument of conveyance to lands situate in another state. Idaho Gold Min. Co. v. Winchell, 6 Idaho 729, 59 P. 533; Jarvis v. Hamilton, 73 Idaho 131, 246 P.2d 216, 33 A.L.R.2d 910; Promis v. Duke, 208 Cal. 420, 281 P. 613; Tully v. Bailey, 46 Cal.App.2d 195, 115 P.2d 542; Bailey v. Tully, 242 Wis. 226, 7 N.W.2d 837, 145 A.L. R. 578; Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65; 19 Am.Jur., Equity, sec. 25, p. 53; 30 C.J.S., Equity, § 82, p. 441.

Banbury v. Brailsford, 66 Idaho 262, 158 P.2d 826, 830, upon which appellants rely was an action for the " 'recovery of real property' " or interest therein situate in a county other than the county of suit. The action was held improper in view of jurisdictional and mandatory requirements of I.C. § 5-401, that such an action be tried in the county in which the subject of the action or some part thereof is situated. Ryckman v. Johnson, 190 Wash. 294, 67 P. 2d 927; State ex rel. Hamilton v. Superior Court for Cowlitz County, 200 Wash. 632, 94 P.2d 505; Vaughan v. Roberts, 45 Cal. App.2d 246, 113 P.2d 884, also cited by appellants are to the same effect. Those cases are to be distinguished from the one here under consideration, for the remedies sought in those cases operated in rem upon the specific res, rather than in personam.

Appellants contend that the trial court erred in entering judgment of rescission after finding that respondents relied upon their own investigations in purchasing the Idaho farm property. The jury found that

respondents made their own investigation and relied upon their own judgment rather than the judgment and advice of their relatives; such is a finding in effect that respondents were not influenced by relatives. On the other hand, the jury and trial court found that as between appellants and respondents, the respondents relied, and had a right to rely, upon the representations made by appellants to the effect that there were 235 or more acres of irrigated lands included in the Gooding County ranch property.

The cases of Smith v. Johnson, 47 Idaho 468, 276 P. 320, 321, and Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345, 348, cited by appellants, do not apply here since in those cases each purchaser made independent investigations concerning the subjects of purchase. In Smith v. Johnson, the purchaser "had the better opportunity to acquire such knowledge", i. e., the weight of the lambs, than the seller. In Nelson v. Hoff the buyers "did not rely upon such misrepresentation [number of acres], but acted solely upon their own investigations."

Appellants attempt invocation of a clause contained in the contract of sale and purchase to the effect that purchaser has inspected the property and has not been influenced by any representation by the seller, other than as contained in the contract. Such a clause is against public policy and not effective, for it would allow a guilty party to profit by his own wrong. Advance-

Rumely-Thresher Co. v. Jacobs, 51 Idaho 160, 4 P.2d 657; J. I. Case Co. v. Bird, 51 Idaho 725, 11 P.2d 966; Utilities Engineering Institute v. Criddle, 65 Idaho 201, 141 P.2d 981.

Appellants contend that they were acting honestly in the transaction with no intention to defraud respondents. The jury found that appellants were ignorant of the falsity of the representations. Such finding appears supported by the testimony of appellant Mr. Martin, that he never did know the amount of cultivated acres but took the word of Mr. Elsner former owner, that there were 250 acres of irrigable land, although Martin represented 235 acres thereof to respondents; also, appellant Martin may have intended to convey to respondents the idea that the *use* of the Dry Creek Canyon was a part of the land transaction; thereby leading respondents to believe that the Canyon went with the Gooding County ranch. The question of appellants' honesty and good intentions is not decisive of the issue; for if appellants in selling the land positively stated to respondents that there were 235 acres of irrigable land, when in fact there were only 160, and that the Canyon was a part of the ranch, then those representations would be untrue and substantially erroneous.

This Court stated in Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347, 349, that if the seller did not know the location of the true boundary of the land, "he should not have taken upon himself to point out the same,

and to make a definite and positive representation concerning it and which the state of knowledge did not enable him to make with verity and correctness." This Court further stated:

"Even honesty in making a mistake is no defense as it is incumbent upon the vendor to know the facts."

This holding was reaffirmed in Brooks v. Jensen, 75 Idaho 201, 216, 270 P.2d 425.

In Newton v. Peay, 196 Or. 76, 245 P.2d 870, 871, the Oregon court recognized the rule in the following language:

"At the outset it might be stated that, because of the misrepresentation made by defendants as to the number of acres of land in the tract, [9.5 acres represented, but 5.63 acres existent, disclosed by later investigation] plaintiffs had the right to rescind the contract, even though the false statement was innocently made." (Citations.)

Appellants next urge that respondents were guilty of laches in the filing of their action in November, 1954, when they had warning of the shortage in acreage under cultivation in April, 1954. Appellant Mr. Martin's representation of the amount of irrigable land is shown by his testimony as follows:

"Q. * * * As I understand your testimony, you say you understood there were 250 acres of irrigable land on the place? A. Yes sir.

"Q. And you represented to Mr. Summers that there were approximately 235 acres? A. Yes sir.

\* \* \* \* \*

"A. I just took Mr. Elsner's word for that, for the 250 [acres]. I knew there was a darn lot of ground there and I was interested in hay ground and Taylor rights."

He did not ascertain the correct acreage of irrigable lands. Respondent Mr. Summers, upon this question, testified that the former owner of the ranch, Mr. Elsner, told him during April, 1954, that there were only 150 acres, which gave him "a lot to think about," but that he went on working. Appellants owned and operated the property from January, 1952, until they sold it to respondents in April, 1954. The ranch is in a marginal farming area where there are many outcroppings of rock with loose rock over considerable of the land and the cultivated acres consist of some number of small tracts varying from about 2 acres to about 15 acres. The fact that the ranch contains the small cultivated tracts would make the cultivated or irrigated acreage a subject of survey and computation, rather than mere opinion.

Respondents, after talking to a Mr. Rice (exact date not shown), made further investigations, including a trip to the land office in Boise where they learned that the

Canyon property did not go with the ranch but that it was state property.

Respondents also learned, through a communication received from the state land office about a state lease, that certain of the land involved was leased from the State. On two occasions prior to November, 1954, respondents requested appellant Mr. Martin to furnish a copy of the lease which he failed to do; early in November, 1954, upon respondents' third request appellant Mr. Martin furnished the same. Respondents then went to the land office in Boise and discovered the identity of a certain 30 acres of state owned land, which had been considered a part of the ranch's cultivated lands, but erroneously considered a part of the property which respondents believed they were purchasing from appellants.

The record also shows that on several occasions respondents attempted negotiation of the existing difference with appellant, and upon one such occasion, as appellant Mr. Martin testified, respondent Summers "said he would give me a thousand dollars and trade back." During the time in question respondents were also engaged in farming operations in and upon the Gooding County ranch.

■ We conclude that respondents were not guilty of laches, under all of the circumstances hereinbefore related.

Appellants next contend that respondents, having remained in possession of the property after some knowledge or warning of the facts upon which their action is grounded, waived their right to seek the remedy of rescission.

■■ Certain of the evidence, conflicting in nature, bears upon the question of waiver, particularly as it relates to the time of respondents' discovery of untruth of the representation of the number of irrigated acres in the Gooding County ranch. The court submitted to the jury the question of the time of respondents' discovery of the untruth of such representation and the jury found that the time of such discovery to have been during the month of November, 1954. The trial court thereupon ruled that respondents had not waived their right to rescind, were not estopped so to do and that they had not ratified the contract after discovery. Moreover respondents' act of bringing their action for rescission during November, 1954, the month of such discovery, precludes the application of the theory of waiver or ratification. Acts of waiver or ratification, upon which reliance may be had, must occur after the time of the discovery. Cunningham v. Studio Theatre, 38 Wash.2d 417, 229 P.2d 890, at page 894.

■ The fact that respondents were in possession of the ranch property during the season of 1954, prior to the commencement of their action and during which time they made some minor improvements, does not constitute waiver. In the case of

Sorensen v. Larue, 47 Idaho 772, 777, 278 P. 1016, 1018, this Court ruled:

"The payment by Larue of the water assessments was not a waiver of his right to rescind (Delta Land & Water Co. v. Perry, 57 Cal.App. 314, 207 P. 393), nor was the making of minor improvements, such as completing the levelling, begun before notice of rescission, and the erection of irrigation borders, etc."

Appellants contend that there are no facts concerning which respondents complain which could not have been ascertained from public records and that, therefore, respondents cannot advance sufficient grounds to support their action for rescission.

 No fact is set out in the contract, nor in any description of land contained in the contract, nor in the instruments of public record introduced in evidence as exhibits, which shows or tends to show the acres of land irrigated or under cultivation. Moreover, appellants made no effort during the two years they owned the ranch to ascertain such fact but relied upon the representation of the previous owner. Furthermore, appellants made definite representations as to such acreage in respect to which the jury found a substantially lesser acreage, and the trial court found accordingly, which representations respondents believed and acted upon to their damage. The case of Lanning v. Sprague, supra, answers appellants' contention in language as follows:

"False representations of a vendor as to the quantity of a tract of land which he offers for sale are not mere matters of opinion but are material and he cannot avoid their consequences merely because the vendee might have ascertained their falsity by a survey of the land or by reference to official plats and records."

 Appellants complain that the trial court erred in refusing a general jury trial, citing Cooper·v. Wesco Builders, 76 Idaho 278, 281 P.2d 669, 671. In that case, however, this Court ruled:

"The ultimate relief in this case is to recover damages for fraud",

consonant with the applicable rule:

"In determining the question of whether or not parties are entitled to a trial by jury, courts must look to the ultimate and entire relief sought."

That rule is determinative in the case under consideration, for here the primary and ultimate relief sought is rescission and restoration; the action is grounded in equity, with money features merely collateral for the purpose of adjusting existing equities between the parties. The rule is stated in 50 C.J.S., Juries, § 31, p. 747:

"An action for rescission is within the jurisdiction of equity and the parties are not entitled to a jury trial of

the issues of fact arising therein, even though a money judgment is sought."

See also Main v. Western Loan & Building Co., 167 Wash. 1, 8 P.2d 281; Liles v. Bigpond, 190 Okl. 112, 121 P.2d 596; Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351.

■ Appellants complain that the trial court erred in assessing the rental value of the respective properties. The trial court submitted those matters to the jury for findings. The evidence respecting the same is conflicting. The trial court approved, confirmed and adopted the jury's findings, as being justified and as supported by the evidence, and followed with findings of fact and conclusions of law thereon. In Anderson v. Whipple, supra [71 Idaho 112, 227 P.2d 357], supported by ample authorities, the rule is stated:

" 'Equity having obtained jurisdiction of subject matter of a dispute, will retain it for the settlement of all controversy between the parties with respect thereto.' * * * It is also the rule in this state (except in default cases) that the court will grant all proper relief consistent with the case made and embraced within the issues, whether the particular relief be prayed for or not."

The jury, by their answers to interrogatories submitted to them, and the trial court by its findings, made determinations based upon substantial and competent though conflicting evidence. The jury found that appellants represented to respondents that there were 235 or more acres of irrigated land in the Gooding County ranch property whereas there were only 160 acres of such lands; also that appellants represented to defendants that the "Dry Creek Canyon lying north of the Dry Creek Ranch constituted a part of the Dry Creek Ranch and went with the Dry Creek Ranch as an integral part thereof" which was not true; also that respondents did not discover that such representations were untrue until November, 1954, and that they acted with reasonable promptness in rescinding and in seeking rescission of the contract. The trial court found that the interrogatories and answers were supported by the evidence, confirmed, approved and adopted them, and ruled that respondents had a right to rely and did rely upon the representations made by appellants in connection with the sale and exchange of said properties.

■ Where the findings made by the trier of the facts are supported by substantial, competent though conflicting evidence, the findings will not be disturbed on appeal. I.C. § 13–219; Loosli v. Heseman, 66 Idaho 469, 162 P.2d 393; Williams v. Idaho Potato Starch Co., 73 Idaho 13, 245 P.2d 1045; Conley v. Amalgamated Sugar Co., 74 Idaho 416, 424, 263 P.2d 705. This universal rule has been applied in fraud cases with equal consistency. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Lan-

ning v. Sprague, 71 Idaho 138, 227 P.2d 347.

The foregoing disposition of this case renders it unnecessary to dispose of respondents' motion to dismiss appellants' appeal.

The judgment of the trial court is affirmed. Costs to respondents.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.